## BIRD and Another *v.* LANIUS.

At law, a promise by one to another, for the benefit of a third person, can not be enforced by the latter; but in equity the rule is otherwise.

An objection to evidence will not be noticed in the Supreme Court, unless the grounds of objection appear to have been pointed out to the Court below.

It is not error to disallow evidence to prove a fact which is admitted by the state of the pleadings.

Affirmative matter alleged in an answer is admitted by the absence of a reply.

A partner can not prove the declarations of a co-partner to affect the rights of third persons dealing with the firm.

An instruction not strictly applicable to the case, may properly be refused.

A partnership can not be sued for money advanced or articles sold to one of the partners solely on his individual credit; but the partnership is liable if they were used for the benefit of the firm, and it was the understanding of the parties that the firm was to be liable.

Under the R. S. 1852, the jury, unless otherwise directed by the Court, may, in their discretion, find a general or special verdict.

It is the duty of the Court, by the R. S. 1852, at the request of either party, to require the jury to give a special verdict upon all or any of the issues.

By a special verdict upon an issue is meant, not a finding upon an isolated fact, tending to support or defeat an issue, but a finding upon an issue arising upon a cause of action in the complaint and a denial of it in the answer, or upon a defence set up in the answer put in issue by the reply.

A party may demand that if the jury find a general verdict, they shall also be required to find specially upon particular questions of fact, to be stated in writing; but the jury need not respond to such questions, unless they elect to find a general verdict.

*Friday,
June 13.*

APPEAL from the *Decatur* Circuit Court.

GOOKINS, J.—This was a bill in chancery by *Lanius* against *Bird, New,* and the *Lawrenceburgh and Upper Mississippi Railroad Company,* to compel a transfer of stock.

The case made by the bill is as follows: One *Jacob Lanius,* and one *Millspaugh,* were contractors with the railroad company, for the construction of a portion of their road. About the commencement of their work under the contract, *Millspaugh* died, and *Jacob Lanius* took the defendant, *Bird,* into partnership with him, in the prosecution of said work. The plaintiff advanced to said *Jacob Lanius,* in money, horses, and other property, to the amount of 800 dollars, to enable him and *Bird* to prosecute their undertaking under said contract (some before and some after their partnership was formed), of which advances both partners had the benefit; and the bill alleges that *Bird* still has the benefit of said advances; and that he expressly promised the said *Jacob Lanius* to be responsible for the same. The promise here relied on is contained in the articles of partnership between *Jacob Lanius* and *Bird,* and is as follows: "The parties are to be at equal expenses and outlays in the prosecution of said contract throughout, taking into the account the amounts respectively advanced prior to this date, by said parties. And they shall equally, at the close of said contract, divide the profits, and be

equally responsible for any or all debts or losses, that have or may arise or be sustained in the premises, as well for profits, debts or losses prior to this date, as for those from and after the date of these presents; and all stock, teams, tools and implements now used or to be furnished for the prosecution of said work, are to be joint property, and equally paid for by said parties." The articles of partnership containing these stipulations, are made a part of the complaint. It is further alleged that the partnership received from the railroad company, in part payment for their work, certain real estate, which they sold to the defendant, *New*, from whom they received a certificate for twenty-five shares of the capital stock of the company, of the nominal value of 1,250 dollars. The stock could only be transferred on the books of the corporation, which was not done; but *New* executed to *Lanius* and *Bird* an assignment in writing of said certificate, and stipulated therein to transfer the same on the books, when he could have access to them. Said *Lanius*, to secure the plaintiff for his advances, assigned his interest in said certificate to the plaintiff, and delivered the same to him. *New* executed a power of attorney, authorizing one *Dunn* to assign said stock to *Lanius* and *Bird* on the books of the corporation. *Jacob Lanius* died insolvent. The plaintiff has requested *Bird* to assign the certificate to him. He claims to hold it for the amount of his advances. *Bird* denies any liability to him, and has notified the corporation not to permit a transfer of the stock. He alleges that the stock is below par, and prays that it may be assigned to him or sold, and the amount of his advances paid with interest, and for general relief.

The defendants demurred to the complaint, and the demurrer was overruled, which ruling is assigned for error.

The ground assumed in support of the demurrer is, that the debt due the plaintiff was the individual debt of *Jacob Lanius*, and that the promise of *Bird* to his co-partner, " that he would be equally responsible with him for all debts that had been contracted at the date of the articles, or that might thereafter be contracted for carrying on the

business; and that all stock, teams, tools and implements used and furnished for the work, should be equally paid for by the parties," was one to which the plaintiff was a stranger, and of which he could claim no benefit.

We are of the opinion that the objection to the bill is not well taken. The doctrine of this Court has been, that at law, a promise by one to another for the benefit of a third party, could not be enforced by the latter. *Salmon v. Brown*, 6 Blackf. 347.—*Farlow v. Kemp*, 7 *id.* 544.—*Britzell v. Fryberger*, 2 Ind. 176.—*Conklin v. Smith, ante,* p. 107. But the rule in equity is different. The allegations are, that the advancements were made to one partner for the benefit of both, some before and some after the partnership was formed; that *Bird* had the benefit of the advancements, and promised his partner to pay, &c. In equity he is bound by this promise, and he for whose benefit it was made may enforce it.

*Bird* answered, 1. By a general denial. 2. He admits the partnership, the assignment by *New* to the firm of the stock certificate for the consideration stated; denies the indebtedness of *Jacob Lanius* to the plaintiff as alleged; denies that he ever undertook to pay any such indebtedness; says *Jacob Lanius* held said stock certificate for the firm; that he had no right to assign it to the plaintiff; and that, if done, it was without his knowledge or consent; that the business of the firm is unsettled; that it is in debt 2,000 dollars, of which 1,000 dollars are due to himself; and he exhibits what he alleges to be a written acknowledgment of the deceased partner, dated *February* 7, 1851, stating that he had advanced 580 dollars beyond his share as a partner, which was to be paid back to him, with interest, in stock, at its cash value, when the work should be finished. He says there are no other means for the payment of the debts, and he claims the stock certificate as surviving partner, for that purpose.

Reply in denial of the affirmative matter contained in the answer. The execution of the instrument pleaded by *Bird* is denied under oath.

*New* answers, admitting that he assigned the stock cer-

tificate as stated, but alleges that it bore interest from a previous date, and sets up a contemporaneous agreement that he was to have the interest. The reply denies his right to the interest. As there was no evidence of such promise, this part of the case need not be further noticed.

The railroad company answered, first, by a general denial; secondly, that they have overpaid *Lanius* and *Bird* 1,500 dollars on their contract for work; that *Bird,* the survivor, and the estate of the deceased partner, are insolvent, and have no means for the payment of said balance, except said certificate of stock. To this answer there was no reply.

The issues were submitted to a jury, who found specially, that at the time of the assignment of the stock certificate by *Jacob Lanius* to the plaintiff, there was due him from the firm 769 dollars, for money and goods furnished them while engaged at work on the railroad; that the debt was first contracted to the plaintiff by the firm, and not by *Jacob Lanius* on his own account; that *Jacob Lanius* assigned the stock certificate to the plaintiff, at the time and for the purpose mentioned in the complaint; that at the time of said assignment *Jacob Lanius* was not indebted to the plaintiff, but that the firm was indebted as above stated. They also found a general verdict for the plaintiff for 907 dollars and 42 cents. The defendant's motion for a new trial was overruled, and judgment was given for the amount of the verdict, declaring the same a lien on the stock, and ordering the stock to be sold for its payment.

The appellant complains that on the trial, the deposition of Mrs. *Lanius*, widow of the deceased partner, was read in evidence by the plaintiff, in which she testifies to certain declarations made by her husband. We can not notice the objection, because the grounds of it were not pointed out. Had that been done, the Court would probably have referred to the statute, which seems to exclude such testimony. 2 R. S., p. 82, s. 240. See, also, 1 *Greenleaf's* Ev., ss. 334, 337.

The defendant offered evidence that the firm of *Lanius*

May Term, 1856.

BIRD
v.
LANIUS.

and *Bird* was indebted in a large sum to the railroad company, which the Court properly excluded. That fact stood admitted by the pleadings, there being no reply to the answer of the company alleging such indebtedness. The Court also excluded evidence of other indebtedness of the firm. If this was error, it was cured by a subsequent admission by the plaintiff that the firm was notoriously insolvent.

The defendant offered to prove the declarations of the deceased partner that the firm was indebted to him. The testimony was properly excluded. This indebtedness was put in issue by the pleadings; but a partner can not, by the declarations of his co-partner, affect the rights of other persons dealing with the firm.

Several instructions were prayed by the defendant, the twelfth of which is as follows: " The defendants ask the Court to charge the jury that if money is borrowed, or goods bought, or any other contract made by one partner upon his own exclusive credit, he alone is liable therefor, and the partnership, although the money, property or other contract is for their proper use and benefit, or is applied thereto, will in no manner be liable therefor." This the Court refused to give, and several others embodying substantially the same principle, in somewhat different language. The instruction stated the law correctly; *Story* on Partnership, s. 134; but it was not strictly applicable to the facts, and was therefore properly refused. The principle here stated excludes from consideration the promise made by *Bird*, which we considered when discussing the sufficiency of the bill. The charge given by the Court, put the case on the true ground, which was, in substance, that if the plaintiff furnished the money, &c., solely on the credit of *Jacob Lanius*, he could not recover for it; but if the money and property went into the firm, for their benefit and use, and it was understood by all the parties that the firm should pay the plaintiff for it, their verdict should be for him; and again, if they believed the stock certificate was transferred to pay a debt of the firm, they should find for the plaintiff, but if for the individual debt of *Jacob La-*

*nius*, they should find for the defendant. The case in this respect was fairly put to the jury.

Another position taken for the reversal of the judgment, is, that the Circuit Court refused to require the jury to respond to certain interrogatories propounded by the defendants in writing, and which they desired to have answered. The statute is as follows: In all actions the jury, unless otherwise directed by the Court, may, in their discretion, render a general or special verdict; but the Court shall, at the request of either party, direct them to give a special verdict in writing upon all or any of the issues; and in all cases, when requested by either party, shall instruct them, if they render a general verdict, to find specially upon particular questions of fact to be stated in writing. This special finding is to be recorded with the verdict. 2 R. S., p. 114, s. 336. The request made by the defendants, as stated in the record, was as follows: " After the evidence had been heard," &c., " the defendants, in writing, requested the Court to charge the jury to give a special verdict in writing upon the following, to-wit:" Then follow a number of interrogatories, upon particular facts supposed to be involved in the issues.

The request of the defendants did not conform to the statute, and hence it was not error to refuse it. Under this section, the jury, if left to their own discretion, may find a general or special verdict, as they please; but at the request of either party, they may be required to give a special verdict upon all or any of the issues. What is here meant is, not an isolated fact, tending to support or defeat an issue; but it is an issue joined between the parties, arising upon a cause of action in the complaint, and a denial of it in the answer, or upon a defence set up in the answer, put in issue by the reply. A party may likewise demand that if the jury find a *general* verdict, they be required also to find specially upon particular questions of fact, to be stated in writing; but the jury is not compelled to respond to these questions, unless they elect to find a general verdict. They may disregard any special interro-

gatories sent to them, if they choose, instead of a general verdict, to find specially upon the issues submitted to them.

We do not say how far a party may go in propounding interrogatories. That question is not before us, and we will not anticipate it. All that we decide is, that a party can not require special interrogatories to be answered, except on condition that the jury shall elect to return a general verdict. The request made by the defendants was unqualified, and was therefore properly refused.

There was a large amount of evidence, some of it conflicting, given to the jury, and hence we can not say that it does not support the verdict.

DAVISON, J., being a stockholder in said railroad company, was absent.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*B. W. Wilson* and *S. A. Bonner*, for the appellants.

*J. S. Scobey* and *W. Cumback*, for the appellee.

