## HOFFMAN v. RISK ET UX.

VENDOR AND PURCHASER.—*Subrogation.*—*Mistake.*—*Encumbrance by Vendor.* —*Contract of Vendee.*—*Mortgage.*—*Promissory Note.*—Where each of several successive grantees of a tract of land has assumed, as part of the purchase-money therefor, an encumbrance placed thereon by the original grantor, consisting of a mortgage securing a promissory note, the latter may, on his payment of the same to a subsequent grantee, without knowledge that the latter received a conveyance of the land, and assumed the payment of such encumbrance, recover the same back as money paid under a mistake of fact, and be subrogated to the rights of the mortgagee.

From the Ripley Circuit Court.

*W. D. Willson* and *T. E. Willson*, for appellant.

*E. P. Ferris* and *W. W. Spencer*, for appellees.

Howk, J.—The appellant, as plaintiff, sued the appellees, as defendants, in this action, in the court below.

In his complaint, the appellant alleged, in substance, that the appellee Charlotte Risk was the wife of her co-appellee, James M. Risk; that on the 20th day of September, 1861, the appellant was the owner of certain real estate, particularly described, in Ripley county, Indiana; that on said day the appellant executed a mortgage on said real estate to one Stephen C. Pribble, to secure the indebtedness therein set out, a copy of which mortgage was made part of said complaint; that on the 20th day of April, 1864, the appellant and his wife conveyed said real estate to one Henry H. Wise, who, as a part of the purchase-money for said real estate, assumed the payment of said indebtedness set out in said mortgage, the agreement to pay said indebtedness being set out in the conveyance to said Wise as part thereof, a copy of which conveyance was made part of said complaint; that said Wise, on the 31st day of August, 1864, conveyed said real estate to Joshua Buchanan, who also assumed, as a part of the purchase-money, to pay said mortgage indebtedness, and his agreement to pay the same was contained in the conveyance to him, a copy of which conveyance to him was made part of said complaint; that said Joshua Buchanan, on the 15th day of December, 1866, by deed conveyed said real estate to the appellee James M. Risk, who agreed, as a part of the consideration for said deed, to pay off and satisfy said mortgage indebtedness, which agreement was inserted in said deed to him, a copy of which deed was made part of said complaint; that on the 13th day of May, 1867, the appellee James M. Risk purchased or paid off, and presented to the appellant, the note, a copy of which was made part of said complaint, and which was one of the notes secured by said mortgage, and fraud-

ulently represented to the appellant, that he was the owner thereof; that the said note then and since had the written assignments thereon, copies of which were made part of said complaint; that said James M. Risk represented to appellant, that said note had never been paid, and demanded payment thereof, and the appellant, in ignorance of said conveyance to said Risk, and of his said agreement to pay said indebtedness, paid off said note to said Risk, and said note, with the interest thereon, was then due the appellant from said James M. Risk, and wholly unpaid.    Wherefore the appellant demanded judgment for eight hundred dollars; that he be subrogated to the rights of said Pribble under said mortgage against the appellees and said real estate, and for the foreclosure of said mortgage, and for general relief.

To this complaint, the appellees demurred for the want of sufficient facts therein to constitute a cause of action; which demurrer was sustained by the court below, and to this decision the appellant excepted.    And judgment was rendered on the demurrer, by the court below, in favor of the appellees and against the appellant, for their costs.

The appellant has assigned, as error, in this court, the decision of the court below, in sustaining the appellees' demurrer to his complaint.    We are very clearly of the opinion, that this error is well assigned.    It seems to us, that, on every principle of equity, good conscience and fair dealing, the appellant is entitled, under the averments of his complaint, to recover back the moneys paid by him, under a mistake of fact, to the appellee James M. Risk.

In the conveyance of the real estate, described in the complaint, to the appellee James M. Risk, it was expressly stipulated that the said Risk assumed the payment of two mortgages then on said real estate; and it was alleged in appellant's complaint, that the mortgage described therein was one of the mortgages which the appellee Risk thus assumed to pay.    The note secured

by said mortgage, though executed by the appellant, became an evidence of the debt of the appellee James M. Risk, under the stipulation in the conveyance to him of said real estate.

The case at bar does not differ materially, in its facts and circumstances, from the case of *Josselyn* v. *Edwards*, 57 Ind. 212, decided by this court at its last term. In the case cited, Edwards was the maker of a promissory note, secured by mortgage on real estate then owned by him, which real estate he subsequently conveyed to Josselyn, with a stipulation in his deed to the effect that Josselyn assumed the payment of said note and mortgage, as a part of the consideration for said deed. Josselyn having failed to pay the note when due, Edwards paid the same, and brought suit against Josselyn and others, on said note and mortgage, and obtained a judgment for the amount due on the note and for the foreclosure of said mortgage. On appeal to this court, the judgment was affirmed; and it was there held, that "The Josselyns having failed to pay the note, and Edwards having paid and taken it up, the latter became subrogated to all the rights" of the mortgagee "in the debt of which the note furnished the evidence, and in whatever security existed for the payment of the note, and became in equity entitled to whatever judgment against the Josselyns," the mortgagee would have been entitled to, "if Edwards had not paid the note."

The doctrine of the case cited is decisive of the case now before us.

In our opinion, the court below erred, in sustaining the appellees' demurrer to the appellant's complaint.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.