KESTER ET AL. *v.* HULMAN ET AL.

CONTRACT.—*Agreement to Pay Promissory Note of Another.—Extension of Time.—Mortgage.—Sheriff's Sale.—Redemption.—Measure of Damages.—* A purchaser of the equity of redemption of certain real estate which had been sold at sheriff's sale on execution to one who also held a mortgage thereon to secure the payment of an unmatured promissory note, executed to him by such purchaser's grantor, entered into a written agreement with

the mortgagee, which recited the foregoing facts and stipulated that, in consideration of the payment, therein acknowledged, to the mortgagee, of the redemption money on such sheriff's sale, with interest to date, the mortgagee agreed to extend the time of payment of a specified portion of such note for one year after its maturity, and, if that instalment, with ten per cent. interest to that time on the whole amount of the note, was then paid, the time of payment of the residue should be extended another year; and the said purchaser agreed also, " in consideration of the premises, to pay said note in accordance with the tenor and effect thereof, and at the time in this agreement provided."

*Held,* in an action on the agreement, that it is valid.

*Held,* also, that the measure of damages is the amount that could have been recovered in a direct action on the note.

From the Vigo Circuit Court.

*S. C. Davis, S. B. Davis* and *E. D. Seldomridge,* for appellants.

*M. G. Buff* and *S. M. Beecher,* for appellees.

Howk, C. J.—In this action the appellees, as plaintiffs, sued the appellants, as defendants, upon their written agreement, of which the following is a copy:

" Jacob Foltz is indebted to Hulman & Cox in the sum of $675.00, by his promissory note dated February 10th, 1874, due two years after date, with ten per cent. interest from date. The said note is secured by mortgage on the following real estate in Sullivan county, Ind., to wit: The north-west quarter of the south-west quarter of sec. three (3), and the south-east quarter of the north-east quarter of sec. four (4), all in town. nine (9) north, of range eight (8) west, containing 80 acres; said mortgage given by Jacob Foltz and his wife, Emily Foltz, on the 10th day of February, 1874, which mortgage was duly recorded on the 14th day of March, 1874, in record book ' D,' page 396.

"On the 5th day of June, 1875, said real estate was sold by the sheriff of said county of Sullivan, on an order of sale from the Sullivan Circuit Court, in favor of John J. Brake and against said Jacob and Emily; that the same was bought in by Hulman & Cox for the sum of two hun-

dred and fifty-three dollars ($253.00), and they received from said sheriff a certificate of purchase therefor; that, on the 21st day of June, 1875, John R. Kester and Roswell G. Wheeler purchased said real estate from Jacob Foltz, and took a conveyance therefor from Jacob Foltz and Emily, subject to the liens of Hulman & Cox as aforesaid. Said Kester & Wheeler, desiring to get an extension of time on said note, the following agreement is made, to wit: Kester & Wheeler pay Hulman & Cox two hundred and fifty-four $\frac{52}{100}$ dollars, being amount due on said sale, and also one hundred nineteen $\frac{30}{100}$ dollars, being the interest on said note up to the 16th day of November, 1875, the receipt of which is hereby acknowledged, and in consideration of which Hulman & Cox agree to extend the time on said note as follows, to wit: three hundred and seventy-five dollars of said note till the 10th day of February, 1877, and, if the said Kester & Wheeler shall, on or before said 10th day of February, 1877, pay said three hundred and seventy-five dollars, together with ten per cent. interest on the whole of said note, then and in that case said Hulman & Cox agree to extend the time of payment on the remaining three hundred dollars till the 10th day of February, 1878, and the said Kester & Wheeler agree, in consideration of the premises, to pay said note in accordance with the tenor and effect thereof, and at the time in this agreement provided, this 16th day of November, 1875.

(Signed,)                    "KESTER & WHEELER."

In their complaint the appellees alleged, in substance that, on the 10th day of February, 1874, one Jacob Foltz executed to them his note for $675.00, with interest at the rate of ten per cent., and five per cent. attorney's fees if suit should be brought on said note, a copy of which note was filed with and made part of said complaint; that, on the 16th day of November, 1875, the appellants, by their firm name of Kester & Wheeler, executed to the appellees

the agreement, a copy of which we have set out above, whereby the appellants assumed and agreed to pay the said note, in the manner and form set forth in said agreement, a copy of which was filed with and made part of said complaint, and that the appellants had wholly failed to comply with any of the terms of their said agreement; wherefore the appellees said that the appellants were indebted to them in the sum of $775.00, and in the further sum of $40.00, the attorney's fee in said note and agreement provided, which sums were due and unpaid. Wherefore, etc.

To this complaint the appellants demurred upon the ground that it did not state facts sufficient to constitute a cause of action ; which demurrer was overruled by the court, and to this ruling they excepted. The appellants then answered in two paragraphs, to each of which the appellees demurred for the want of sufficient facts therein to constitute a defence to their action ; which demurrers were sustained by the court, and to these decisions the appellants excepted. The cause was tried by the court without a jury, and a finding made for the appellees in the sum of $837.75, and judgment was rendered accordingly. The appellants' motion for a new trial was overruled by the court, and to this decision they excepted and filed their bill of exceptions, and appealed to this court.

The appellants have here assigned, as errors, the following decisions of the court below :

1. In overruling their demurrer to the appellees' complaint;

2. In sustaining the appellees' demurrer to the first paragraph of their answer ;

3. In sustaining the demurrer to the second paragraph of their answer ;

4. In overruling their motion for a new trial.

Without special regard to the errors assigned by the ap-

pellants, we will consider and decide the questions discussed by their counsel in their argument of this cause in this court, in the same order in which they have presented them. The point is made by counsel, and pressed with much earnestness and at great length, that the agreement of the appellants in suit " is not binding, and is of no avail, for the reason that it was an agreement by appellants to pay the debt of Foltz, without any consideration on the part of Hulman & Cox."

It seems to us, that this point is not well taken, and that the position of the appellants' counsel, in reference thereto, is wholly untenable. The terms of the agreement are such as to show, upon its face, a valuable consideration, amply sufficient, we think, to sustain the contract, and to make it valid and binding, as well upon the appellees as upon the appellants. It appeared from the agreement, that the appellees held a certificate of purchase, from the sheriff of Sullivan county, on a sale made by him of certain real estate, in said county, on an execution against Jacob Foltz as his property; and that they also held a note of said Foltz, secured by mortgage executed by him and his wife on the same real estate, which note would become due on the 10th day of February, 1876. It further appeared upon the face of said agreement, that the appellants had become the purchasers of said real estate from said Jacob Foltz, and had taken a conveyance thereof from said Foltz and his wife, subject to the claims of the appellees on said real estate, under their said certificate of purchase thereof, and their said mortgage thereon. The appellants wanted an extension of the time of the payment of said note, so secured by mortgage on said real estate, for one and two years after the maturity thereof; and so, in consideration of the appellees' agreement to such extension, the appellants agreed, in and by the written contract in suit, to pay said note. The appellees' agree-

ment to extend the time of the payment of the note, for the payment of which the appellants' real estate was bound by the mortgage thereon, for certain specified periods of time, was certainly a sufficient consideration to sustain and uphold the appellants' agreement or contract to pay the note in suit. It is well settled, we think, by the decisions of this court, that an agreement for an extension of the time of payment, for a definite period of time, is a valuable consideration for an agreement or contract made upon the faith thereof. *Busenbarke* v. *Ramey*, 53 Ind. 499; *Gilchrist* v. *Gough*, 63 Ind. 576.

We are clearly of the opinion, that the agreement in suit showed upon its face, that it was executed upon a valuable and sufficient consideration.

The agreement sued upon was an original undertaking by the appellants, whereby they agreed, in consideration of the appellees' extension of the time of payment of the note for one and two years after its maturity, that they, the appellants, would pay said note, in accordance with its tenor and effect, except as modified by said agreement. This was clearly the intent and meaning of the appellants' contract, as we construe it; and we think it is not open to any other construction. They assumed and agreed, as original promisors, to pay the note of Jacob Foltz, for the payment of which their real estate was bound, in consideration of the appellees' agreement to extend the time of payment, and to allow them to pay the note, in two specified instalments, in one and two years after the maturity of the note. This agreement of the appellants was an original, and not a collateral, contract or promise on their part; and when they made default therein, as it is alleged that they did, the appellees had the right to sue at once, and in the first instance, upon said written agreement, and recover of the appellants the amount unpaid of said note, in accordance with the tenor and effect thereof. In such suit, we

think, the proper measure of the amount of the appellees' recovery would be the amount they could have recovered in a direct suit upon the note. *McDill* v. *Gunn*, 43 Ind. 315 ; *Josselyn* v. *Edwards*, 57 Ind. 212 ; *Hoffman* v. *Risk*, 58 Ind. 113.

We have carefully examined and considered the several questions presented and discussed by the appellants' counsel, in their brief of this cause in this court, and it seems very clear to us, that the circuit court did not err in any of the rulings which the appellants have here assigned as errors.

The judgment is affirmed, at the appellants' costs.