## Young *v.* Schlosser.

Contract for Benefit of Another.—*Sale and Conveyance Subject to Specified Encumbrances—Action by Another Encumbrancer.—Judgment.—Bankruptcy.—Indemnity.*—The assignee of a bankrupt estate having represented to the bankrupt court, in writing, that he had negotiated the sale of the bankrupt's real estate to another, subject to the lien of a certain mortgage and certain taxes thereon, that court made an entry reciting the substance of such writing, and ordering the assignee to "make said sale * upon the terms aforesaid," the purchaser, "by a proper instrument. * covenanting to pay the incumbrances thereon," whereupon the assignee conveyed as ordered, and the purchaser executed a bond assuming, "as a part of the purchase consideration * the payment of all taxes, liens and encumbrances, of any and all descriptions, on and against said lands," etc.

*Held,* in an action on such bond, against the purchaser, by one holding a personal judgment against the bankrupt, which was a lien upon such land before he became bankrupt, that the plaintiff can not recover.

From the Warren Circuit Court.

*L. T. Miller* and *J. M. Rabb,* for appellant.

*J. W. Sutton,* for appellee.

Worden, C. J.—Action by the appellant, against the appellee.

Issue; trial by the court; finding and judgment for the defendant, a motion for a new trial having been overruled.

The following are the material facts in the case, as shown by the pleadings and evidence:

On November 21st, 1873, the plaintiff recovered a judgment in the circuit court of Warren county, Indiana, against Daniel and Edward Bowlus, for the sum of one thousand two hundred and twenty-one dollars, and costs, which became a lien on certain land described, situate in that county, and belonging to said judgment debtors, or one of them.

Afterward, proceedings in bankruptcy were commenced in the District Court of the United States for the District

of Indiana, against the two Bowluses, and they were duly adjudged bankrupt, and an assignee, one Joseph Poole, was appointed, in whom the estate of the bankrupts became vested.

Afterward, the assignee filed his petition in the District Court, for leave to sell the land mentioned, which petition, after entitling the cause and the court, was as follows :

" Joseph Poole, assignee of Daniel and Edward Bowlus bankrupts, respectfully represents that said Daniel and Edward Bowlus, at the time of their adjudication as bankrupts, were possessed of and owned in fee the following described real estate, situate and lying in Warren county, Indiana, to wit :" (Here the land is described) " containing in all two hundred and eight (208) acres, more or less ; that there are valid subsisting mortgage liens on said lands to the amount of six thousand dollars and accrued interest ; that there are State and county taxes to the amount of seven hundred dollars due and a lien upon said lands ; that, said lands are of the probable value of forty dollars per acre ; that the legal title to said lands was in Edward Bowlus prior to the adjudication in bankruptcy herein, who then was and now is a married man ; that said assignee has negotiated a sale of said lands to Elias Schlosser, Esq., of Warren county, Indiana, on the following terms : seven hundred dollars cash, and seven hundred dollars to be paid September 1st, A. D. 1874 ; the said Schlosser to assume all the said incumbrances on said lands, that such sale will be for the manifest material benefit of the estate of said bankrupts, this assignee candidly represents to this honorable court. Wherefore, in consideration of all the above facts, the assignee respectfully prays the court to authorize and confirm the said sale of the lands herein described to the said Elias Schlosser, in all respects con-

formably to this petition, and for such other directions as may seem proper."

This petition was duly verified by the assignee.

Afterward, on April 4th, 1874, the court made an entry of record, which, after reciting the filing of the petition and the substance thereof, is as follows :

" It is therefore ordered, that said assignee do make said sale of the interest of the bankrupt estate in said lands, upon the terms aforesaid, the said Schlosser, by proper instrument, in writing, covenanting to pay the incumbrances thereon."

Afterward, on October 17th, 1874, the assignee, in pursuance of the order of the court, executed a conveyance of the land to the defendant, Schlosser, the fourteen hundred dollars purchase-money having been paid, and took from Schlosser a bond of the same date, as follows :

" Whereas the undersigned, Elias Schlosser, has purchased of Jos. Poole, assignee of Daniel and Edward Bowlus, bankrupts, the following described lands, viz.: " (Here the lands are described.)

" Now as a part of the purchase consideration of said land, the said Elias Schlosser assumes the payment of all taxes, liens and incumbrances, of any and all descriptions soever, on and against said lands, and hereby covenants and agrees and expressly binds himself to indemnify and forever absolve and save harmless the estate of said bankrupts from any and all liability on account of any and all liens and incumbrances or debts on or against said lands, in law or equity. Witness," etc.

The plaintiff's judgment remains unpaid, and it is to be inferred that he did not file his claim thereon against the estate in the court of bankruptcy. The proceedings in bankruptcy were ended before the commencement of this action, and the bankrupts discharged. Also, before the commencement of this action, the plaintiff notified the

defendant that he, the plaintiff, accepted and claimed the benefit of the defendant's obligation to pay all the incumbrances on the land.

The object of the action was to obtain a personal judgment against Schlosser for the payment of the plaintiff's judgment against the Bowluses, on the theory that the bond entered into by the defendant to the assignee bound him to make such payment.

We suppose there can be no doubt that Schlosser, the purchaser of the land, took it subject to whatever liens there may have been upon it, and that those liens could be enforced in the manner prescribed by law, and according to their respective priorities. But, whether he became bound by the bond mentioned, to the respective lien holders, for the payment personally of all those liens, is a different question.

It may be conceded, that, under the established practice in this State, where a contract is executed to one person for the benefit of another, the latter may sue upon it for its breach. Hence the plaintiff may sue upon the bond executed by the defendant to the assignee, if that bond contains any valid stipulations beneficial to the plaintiff, which have been broken.

But we are of opinion, that the bond in question contains no valid stipulations beneficial to the plaintiff.

It appears by the petition of the assignee to the court of bankruptcy, that the land was subject to a mortgage lien of $6,000 and interest, and tax liens to the amount of $700, and that he had negotiated a sale of the land to the defendant, for the sum of $1,400, subject to those liens. Nothing is said about judgment liens whatever. And he prayed the court to authorize and confirm the sale thus made.

The court ordered that the assignee "do make said sale of the interest of the bankrupt estate in said lands, upon the terms aforesaid, the said Schlosser, by proper instrument, in

writing, covenanting to pay the incumbrances thereon." Thus it is seen, that the court ordered the sale of the land "upon the terms aforesaid," that is, for the $1,400,.the purchaser assuming the payment of the mortgage lien and the lien for taxes. The closing part of the order, in reference to the covenant to be required for the payment of the incumbrances, must be held to have had reference only to the incumbrances previously mentioned, which the purchaser assumed to pay.

The bond given seems to be broader than the terms of the sale, as shown by the petition and order of sale. It may have been good as an indemnity to the estate against all liens upon the land; and this, we are inclined to think, was the only purpose it was intended to subserve. The estate, however, is not complaining of its breach, nor does it appear to have been damnified by the plaintiff's claim.

So far as the bond purports to bind the defendant personally for the payment of liens, other than those specified in the terms of the sale, as shown by the petition and order of the court, it goes beyond the terms of the sale and the order of the court, and is, to that extent, without consideration.

The judgment below is affirmed, with costs.