No. 7425.

## MEDSKER *v.* RICHARDSON ET AL.

CONTRACT.—*Work and Labor.*—*Implied Promise.*—*Member of Family.*— *General and Special Verdicts.*—*Contract for Benefit of Another.*—*Practice.* —In an action by a husband and wife for the value of work and labor alleged to have been done for the defendant by the wife before marriage, there was a general verdict for the plaintiffs, and also a special finding that the wife, when a child, was taken by the defendant into his family as a member thereof, in which she continued to live as a member until she was twenty-two years old, without *making any contract* with the defendant *as to compensation other than had been made for her when he took her,* and that she had never made any claim for compensation until after her marriage.

*Held,* that the defendant can not be held liable upon any implied contract or promise on his part to pay her for such service.

*Held,* also, that the special finding was not so inconsistent with the general verdict as that the former should control the latter.

*Held,* also, that it may fairly be inferred from the language of the special finding, that, when such wife became a member of defendant's family, it was in pursuance of an express contract made by him with some one in her behalf, for her compensation, and that under such contract she continued to live in his family until she was twenty-two years of age.

*Held,* also, that such contract would enure to her benefit, and that for work and labor done thereunder she might sue in her own name, using such contract either as a cause of action, or as evidence in a common count for work and labor done.

From the Hamilton Circuit Court.

*D. Moss* and *R. S. Losey,* for appellant.

*R. R. Stephenson,* for appellees.

HOWK, J.—This was a suit by the appellees against the appellant, to recover the value of certain work and labor alleged to have been done by the appellee Alice, for the appellant and at his instance and request. After the cause had been put at issue, it was tried by a jury, and a general verdict was returned for the appellees, assessing their damages in the sum of two hundred and seventy-five dollars. With their general verdict, the jury also returned into court their special findings on particular questions of fact, sub-

mitted to them by the parties under the direction of the court. The appellant's motion for a judgment in his favor, on the special finding of facts, notwithstanding the general verdict, was overruled by the court, and his exception was duly saved to this decision. His motion for a new trial having also been overruled, and his exception entered to this ruling, judgment was rendered on the general verdict.

Errors are here assigned by the appellant on the decisions of the circuit court in overruling his motion for a judgment in his favor on the special findings of the jury, notwithstanding their general verdict, and in overruling his motion for a new trial.

Using the affirmative instead of the interrogative form or mode of expression, the facts found specially by the jury on the questions of fact submitted to them by the appellant were, in substance, as follows:

The appellee Alice J. Richardson, when a little child, was taken into the appellant's family as a member thereof. She continued to live in his family, as a member thereof, until she was twenty-two years of age, without making any contract with him as to any compensation other than had been made for her when he took her. Having arrived at the age of twenty-one years, she continued to reside in his family, as a member thereof, for more than a year. After having resided with him, as a member of his family, from the time she was eight or ten years of age, until more than a year after arriving at full age, she then left his house and went to live with her uncle, without making any claim or demand of him, the appellant, for compensation for the time she had resided with his family; and she never made such demand until after her marriage to her co-appellee.

Using the same form or mode of expression, the facts found specially by the jury, on the questions of fact submitted to them by the appellees, were, in substance, as follows:

The appellant did not treat the appellee Alice J. Richard-

son, in all substantial and material respects, as a member of his family, while she resided in his family, and as he treated the other members of his family.

Section 337 of the code provides that, "When the special finding of the facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." 2 R. S. 1876, p. 172.

Upon the appellant's motion for a judgment in his favor, notwithstanding the general verdict, the question presented for decision is this: Is the special finding of the facts inconsistent with the general verdict? Or, in other words, the facts specially found being true, may the appellant be liable to the appellee Alice for the work and labor sued for? The argument of appellant's counsel proceeds upon the theory, that, under the facts specially found, the appellant can not be held liable to the appellee Alice upon any implied contract or promise on his part to pay for her work and labor; and, upon this point, we think that the position of the counsel is probably correct and sustained by authority. *Hays* v. *McConnell*, 42 Ind. 285. But it does not follow that, because a promise would not be implied from the facts specially found, the special finding of facts would of necessity, therefore, control the general verdict, and entitle the appellant to a judgment in his favor. One of the facts specially found by the jury, in response to a question propounded by the appellant, as we have seen, was, that the appellee Alice continued to live in his family, as a member thereof, until she was twenty-two years of age, without making any contract with him as to any compensation, other than had been made for her when he took her. It may be fairly inferred from this language, as it seems to us, that, when the appellee Alice became a member of the appellant's family, she did so pursuant to an express contract, made by the appellant with some one in her behalf, for her compensation, and that, under such express contract, she continued to live in the ap-

pellant's family until she was twenty-two years of age. In their special finding of facts, the jury have not found any of the particulars of this contract, made by the appellant with some one in her behalf, for her compensation, and the evidence is not in the record.

It is well settled, we think, by the decisions of this court, that this contract, made by the appellant with some one in her behalf for her compensation, would enure to the benefit of the appellee Alice, and that, for her work and labor done thereunder, she might sue in her own name, using such contract either as a cause of action, or as matter of evidence in a common count for work and labor done. *Bird* v. *Lanius*, 7 Ind. 615 ; *Miller* v. *Billingsly*, 41 Ind. 489 ; *Rhodes* v. *Matthews*, 67 Ind. 131.

We can not say, therefore, from the record of this cause, that the special finding of facts was so clearly inconsistent with the general verdict, as that the former should control the latter ; and, for this reason, we are bound to say that the court did not err in overruling the appellant's motion for a judgment in his favor, on such special finding, notwithstanding the general verdict.

The only point made by the appellant's counsel, in regard to the supposed error of the court in overruling the motion for a new trial, is, that "the second and third charges of the court—indeed, the whole charge—entirely ignore the facts specially found." In the natural order of trials, the charges of the court to the jury precede in time the return of the verdict and the special finding of facts ; and it is difficult to see how the court could do otherwise than to ignore, in its charges, the facts specially found. The appellant's counsel have not pointed out any objection to any of the charges, and we can see none. The motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellant's costs.