Rodenbarger *v.* Bramblett.

No. 8189.

RODENBARGER *v.* BRAMBLETT.

CONTRACT OF ASSUMPTION.—*Principal and Surety.—Subrogation.—Demand.— Promise.*—B. became surety for W. and another upon a note for the price of a horse. W. afterwards sold his half interest in the horse to R., who, in consideration thereof, "agreed with W. to assume and pay off the note." B. was compelled by suit to pay the note.

*Held,* in an action by B. against R., that he could recover the amount so paid.

*Held,* also, that R.'s promise to W. inured to the benefit of B., who, having discharged the debt, was entitled to be subrogated to the right of action which W. would have had against R. if he had paid it himself.

*Held,* also, that the holder of the note might have sued R. upon his promise, but the fact that he chose to sue the makers of the note, and not to accept R.'s promise, did not deprive B. of the benefit of the promise.

*Held,* also, that after taking judgment against the makers of the note the holder might still have accepted and sued upon R.'s promise, and, by paying the judgment, B. became subrogated to this right of the holder.

*Held,* also, that no demand by B. was necessary before bringing the action.

PROMISE.—*Privity of Contract.—Agency.—Trusteeship.—Demand.*—Where, upon a consideration received, there is an explicit and unqualified promise to pay a specific sum, to become due at a known or stated time, to or for the benefit of a third person named, no case of agency or trusteeship arises which entitles the promisor to wait for a formal demand before discharging the promise, but it is, as to him, a purely legal obligation, and equity goes no further than to give the right of action to one who, otherwise, for want of privity of contract, could not sue. *Miller* v. *Billingsly*, 41 Ind. 489, and *Durham* v. *Bischof*, 47 Ind. 211, distinguished.

From the Clay Circuit Court.

*S. D. Coffey, W. W. Carter* and *C. E. Matson,* for appellant.
*S. W. Curtis* and *E. S. Holliday,* for appellee.

WOODS, J.—The error assigned is, that the complaint does
not state facts sufficient to constitute a cause of action against
the appellant.

The complaint shows that the appellee became surety for
Noah Rodenbarger and one Witty, upon a promissory note
made by them to William P. Swain, for the price of a horse,
sold and delivered to them by Swain; that Witty afterward
sold his half interest in the horse to the appellant, John Ro-
denbarger, who, in consideration therefor, "agreed to and
with said Witty to assume and pay off said note to said
Swain;" that Swain endorsed the note to George W. Jacks,
who brought suit thereon against the payees [makers?] there-
of and this plaintiff, who was compelled to and did pay the
whole amount of the note, interest and costs, to wit, $300.

The said Noah Rodenbarger was also made a defendant,
but died, and the case was prosecuted to final judgment against
the appellant alone.

Counsel for the appellant advance two propositions, on which
they claim that the complaint is defective. First, that, on the
facts stated, the plaintiff has no ground for an action; and,
second, that, if he can have an action at all, it can be only af-
ter a demand made.

Under the first proposition, it is insisted that the promise
of the appellant, made to Witty, might have been accepted by
the holder of the note, under the doctrine of *Bird* v. *Lanius,*
7 Ind. 615, *Day* v. *Patterson,* 18 Ind. 114, *Devol* v. *McIn-
tosh,* 23 Ind. 529, *Cross* v. *Truesdale,* 28 Ind. 44, and *Davis*
v. *Calloway,* 30 Ind. 112; but that, the holder of the note
having failed to accept the promise, and having sued the
makers of the note, there is no right of action against the ap-
pellant to which the appellee can claim to be subrogated.

We do not assent to this conclusion. The obligation of
the defendants' promise to pay the note, resting, as it did, on

an executed consideration, did not depend on an acceptance of the promise by the holder of the note, who was at liberty to accept it or not, as he chose; and, though he did not accept it, it was still a binding promise in favor of Witty, to whom it was made, and through him in favor of his surety, the appellee. The performance of the promise must have inured to the benefit of the appellee, by discharging his liability, and equity and good conscience concur in requiring that he be allowed to enforce the performance. See *Mathews* v. *Ritenour*, 31 Ind. 31; *Crim* v. *Fitch*, 53 Ind. 214; *Josselyn* v. *Edwards*, 57 Ind. 212.

We should reach the same result, even if it were held that the appellee had only such right as was derived from the holder of the note, under the doctrine of subrogation to, or equitable assignment of, the creditor's rights and remedies. Until the payment was made by the appellee, it is clear that the holder of the note had a right to resort to the liability assumed by the appellant. He did not waive that right by bringing suit against the makers of the note. He might have sued the appellant in the same action with the makers—*Davis* v. *Hardy* 76 Ind. 272; *McDill* v. *Gunn*, 43 Ind. 315— and, as the obligation of the appellant is several and not joint with that of the makers of the note, it is not merged in the judgment taken against the latter, and consequently, after taking that judgment, and before its payment by the appellee, Jacks might have sued the appellant on his promise; and to this right the appellee, by virtue of his payment of the judgment, became subrogated.

The question remains, whether a demand was necessary before the bringing of the suit. That it was, is claimed on the authority of *Miller* v. *Billingsly*, 41 Ind. 489, and *Durham* v. *Bischof*, 47 Ind. 211. In the latter case, it was held that a demand was necessary, but the contract was essentially different from the one now in suit. This contract is to pay a specific debt, evidenced by a note which became due at a stated time. In that case, the assignee of a stock of goods and other

property, in consideration of the sale and assignment of the goods and property, agreed, "by compromise or otherwise, to settle all debts owing by them (the assignors); or if such settlement (should) be impracticable, that the proceedings in bankruptcy now (then) pending (should) be prosecuted so as to effect a final adjustment of their business," etc.   The suit was by creditors, and it is manifestly just and proper that a demand should have been required in such a case.   The defendant was essentially a trustee, and had made no absolute and specific promise to pay the claim which was sued on.

In *Miller* v. *Billingsly*, the question of demand is neither decided nor considered, but only the general right of a third person, for whose benefit a contract is made, to sue thereon, though not privy to it.   After citing a number of cases in support of the right of action in such a case, the court says: "In the above cases, the person making the promise, or receiving the money or article, is treated as a trustee for the person for whose benefit the promise was made, or for whose use the money or article of value was received;" and upon this expression the appellant rests his argument, insisting that a trustee can not be in the wrong until he has refused to comply with the trust, and can not be said to have refused, if no demand has been made upon him for performance.

It may be that the promisor, in such a case, is, in a sense, to be regarded as a trustee for the one for whose benefit the promise is made.   Where specific property or money is delivered and received for the use of a third person, there is clearly an actual trusteeship, and so there may be in other supposable cases, such as *Durham* v. *Bischof, supra,* and in such cases a demand may well be said to be necessary; but in cases such as the one in hand, where, upon a consideration received, there is an explicit and unqualified promise to pay a specific sum to become due at a known or stated time, to or for the benefit of a third person named, it is not a case of agency or trusteeship which entitles the promisor to wait for a formal demand before discharging the promise.   It is, as to

him, a purely legal obligation, and equitable principles play no further part than to give the right of action to the party to whose benefit the promise enures, and who, for want of privity, can not sue at law. See *Tinkler* v. *Swaynie*, 71 Ind. 562.

Among the numerous cases decided and reported since *Bird* v. *Lanius, supra,* was decided, wherein the action was prosecuted by the third person for whose benefit the promise was made, and the promise itself was explicit, we have found none wherein a demand was averred or deemed necessary. Besides the cases already cited, and those cited in *Miller* v. *Billingsly*, see *Haggerty* v. *Johnston*, 48 Ind. 41 ; *Crawford* v. *King*, 54 Ind. 6 ; *Campbell* v. *Patterson*, 58 Ind. 66 ; *Hoffman* v. *Risk*, 58 Ind. 113 ; *Whitesell* v. *Heiney*, 58 Ind. 108 ; *Fleming* v. *Easter*, 60 Ind. 399 ; *Scarry* v. *Eldridge*, 63 Ind. 44 ; *Vanness* v. *Dubois*, 64 Ind. 338 ; *Kester* v. *Hulman*, 65 Ind. 100 ; *Young* v. *Schlosser*, 65 Ind. 225 ; *Rhodes* v. *Matthews*, 67 Ind. 131 ; *Fisher* v. *Wilmoth*, 68 Ind. 449 ; *Smith* v. *Ostermeyer*, 68 Ind. 432 ; *Risk* v. *Hoffman*, 69 Ind. 137 ; *Logan* v. *Smith*, 70 Ind. 597 ; *Medsker* v. *Richardson*, 72 Ind. 323.

Judgment affirmed, with costs.