Carnahan et al. v. Tousey et al.

Filed March 4, 1884.

———◆———

No. 8010.

## CARNAHAN ET AL. *v.* TOUSEY ET AL.

CONTRACT.—*Privity of.*—*Promise.*—*Suit in Equity.*—*Parties.*—Privity of contract is not essential in equity to a right of action upon the contract; and so a promise by one person to another for the benefit of a third may be enforced in an action brought by the third in his own name.

SAME.—*Pleading.*—*Mortgage.*—*Assumption, Successive Contracts of.*—*Acceptance, Notice of.*—*Rescission.*—*Order of Liability.*—In an action to foreclose a mortgage and to enforce the personal liabilities of the mortgagor, and of successive grantees of the land who had assumed payment of the debt,

*Held*, 1st. While the privies to such contract of assumption may rescind it at any time before notice or knowledge of its acceptance by the holder of the debt, and while such acceptance must, in reason as in law, precede the bringing of an action upon the promise by the holder of the debt, the complaint need not contain an averment of the acceptance, nor of notice thereof. 2d. It need not be averred against such grantees, that they still hold the mortgaged land or any part thereof. 3d. The mortgagor, his grantee and successive grantees, who have agreed to pay the debt, may be sued upon their respective promises in

the same action, and, in such case, will be held liable severally, in the inverse order of their respective promises.

From the Superior Court of Marion County.

*F. M. Finch* and *J. A. Finch,* for appellants.

*E. F. Ritter, L. C. Walker, L. Ritter, J. S. Caldwell* and *J. M. Judah,* for appellees.

WOODS, J.—The only question discussed by the appellants is the sufficiency of the complaint on which judgment was rendered against them. The complaint, so far as its averments need be rehearsed, shows that Carnahan and Finch purchased of Spiegel a tract of land, which was subject to a mortgage made by Spiegel. In the deed of Spiegel to the appellants, which they accepted, it was stipulated that the appellants should assume and pay the mortgage debt. Carnahan afterwards conveyed his interest in the land to Finch, by a deed which also contained an agreement that Finch should assume and pay the mortgage debt. The action is by an endorsee of the mortgage notes, and in the complaint are set out copies of the notes and mortgage and of the deeds aforesaid. The plaintiff prayed and obtained a personal judgment against the appellants upon their contract of assumption.

The objections made to the complaint are that it shows no privity of contract between the appellants and the plaintiff or the original payee of the notes, nor that the appellants were still in possession of the land, or any part of it, when the action was commenced, and that no acceptance of the contract of assumption, either by the payee and mortgagee or by any subsequent holder of the paper, is alleged.

In an action upon contract at law, strictly, privity of contract is essential to the right of action, but the rule in equity is different, and by a long and unbroken line of decisions since *Bird* v. *Lanius,* 7 Ind. 615, this court has held that a promise of one person to another for the benefit of a third may be enforced in an action brought by the latter in his

own name. *Rodenbarger* v. *Bramblett*, 78 Ind. 213, and cases cited; *Davis* v. *Hardy*, 76 Ind. 272; *Tinkler* v. *Swaynie*, 71 Ind. 562; *Medsker* v. *Richardson*, 72 Ind. 323.

No authority is cited in support of the proposition that it was necessary to aver that the appellants still held the land, in consideration for which they had assumed to pay the mortgage debt; and no argument is made which commands our assent. The contract of assumption certainly did not cease to be operative and binding in favor of the party with whom it was made on account of any subsequent transfer of the lands by the appellants, and if still enforceable by the original party, to whom it was made, there can be no good reason why it should have ceased to enure to the benefit of the holder of the obligation, which was assumed. *Rodenbarger* v. *Bramblett, supra.* Each successive grantee who assumes the payment of an encumbrance necessarily remains bound to his grantor until the encumbrance has been removed, unless otherwise released from the obligation, and so long as not discharged or released the contract necessarily operates in favor of the holder of the encumbrance, who, if he chooses, may accept and enforce it; and though each grantee has bound himself by a separate agreement, yet, as all have assumed the payment of the same debt, they may be sued in one action, the last being held primarily liable, and each in the inverse order of his contract. *McGill* v. *Gunn*, 43 Ind. 315./

It remains to consider whether an averment of acceptance is necessary to a complaint, based upon such contract of assumption, brought by the holder of the original obligation.

In *Risk* v. *Hoffman*, 69 Ind. 137, it is directly held that such averment is not necessary. In *Rodenbarger* v. *Bramblett, supra*, it was held, distinguishing *Miller* v. *Billingsly*, 41 Ind. 489, and *Durham* v. *Bischof*, 47 Ind. 211, that where, upon an executed consideration, one has agreed with another to pay a specific sum or obligation due or to become due at a known or stated time, to or for the benefit of a third person named, a demand by such third person is not necessary be-

fore suing upon such agreement. And if a demand is not necessary, it is difficult to see why an allegation of acceptance should be required.

It is argued, and may be conceded, that without an acceptance there is no cause of action in favor of the plaintiff. The acceptance, however, is a mental act, consisting simply of the determination of the party to avail himself of the contract made by another for him. It is therefore a logical and metaphysical impossibility that he should institute a suit on the promise without first having accepted it. The purpose or determination to sue necessarily constitutes, if, indeed, it does not presuppose, an acceptance of the right to sue. The bringing of the action is therefore sufficient, and probably conclusive evidence of a previous acceptance, unless more is meant thereby than the formation of the purpose to appropriate the promise. If more is meant, it must be not simply the fact but notice of the acceptance, which is quite a different thing, and will be considered as we proceed.

In *Davis* v. *Calloway*, 30 Ind. 112, it is said that a paragraph which averred the acceptance of the promise (with the knowledge of all the parties evidently) would be good at law; and it was held in the case that until accepted by the third party the contract might be rescinded by the immediate parties. We do not question this right of rescission, nor decide anything which can be deemed to impair it. If the party, for whose benefit a contract is made, neglects to give notice of his acceptance of it, he incurs the peril of its abrogation, and if, without having given such notice, he brings an action, he may be defeated by the plea and proof of a rescission, accomplished before the service of the summons, just as he may be defeated, if he does give such notice, by proof of a rescission before the notice was served.

Reference has been made to *McLaren* v. *Hutchinson*, 18 Cal. 80, and *Kelly* v. *Roberts*, 40 N. Y. 432, as supporting an opposite view. The former case, however, denies the right of action to the third person *in toto*, and is, therefore, inconsist-

Carnahan *et al. v.* Tousey *et al.*

ent with all the cases in this State since *Bird* v. *Lanius, supra*. In the opinion, which is quite short, it is said: " There is no privity between the parties, and the legal position of the plaintiff is that of a stranger to the agreement. The defendant is liable upon the agreement alone, and Beach is the only party who can maintain an action for its violation." And in so far as the case is authority for requiring the complaint to show an acceptance, it means such an acceptance as would have constituted " a novation of the indebtedness by substituting the liability of the defendant for that of Beach," the plaintiff's original debtor; or, if not a novation, at least an equitable assignment of the defendant's obligation.

The other case is to the effect that if the contract for assumption is not based on a new-consideration, and amounts only to a direction of the creditor to his debtor to pay his note to a third person, the direction may be revoked at any time before it has been acted upon. Of the soundness of this doctrine there can be no doubt; but it in no sense conflicts with our conclusion, nor with the principles from which we deduce it.

It being conceded that the defendant in such a case is not entitled to a demand before suit, no good reason has been suggested why he should receive notice of the acceptance of his promise as a prerequisite to the right of action. The appellants, therefore, can not be allowed to make any question, because in this complaint notice of the acceptance of their promises is not alleged. Whether alleged or not, their right was the same to plead an abrogation or rescission of their contracts, or any other defence acquired before they received such notice, or before the commencement of the action, if that constituted the first notice which they received of the acceptance of their promises. The assignee of a non-negotiable promissory note, by failure to give notice of the assignment to the maker, may in like manner lose the right of action acquired by the assignment; but a complaint upon such note by an assignee need not, for that reason, allege the

giving of such notice. There seems to be no reason for a different rule in respect to a contract of assumption by one person of the debt of another, whereby a *quasi* assignment of liability is accomplished.

Judgment affirmed.

Filed April 20, 1882.   Petition for a rehearing overruled March 6, 1884.

### DISSENTING OPINION.

ELLIOTT, C. J.—I think that upon principle as well as upon authority, it should be held that a promise made for the benefit of a third party can not be sued upon until it has been accepted or acted upon by the person for whose benefit it was made.

The acceptance or adoption of the promise must precede the action. The adoption is an essential element of the right of recovery. Without this element the right of action is not complete, and it is only upon a complete right that an action can be maintained. I quote from a text-writer a statement of this familiar elementary rule: "In the first place, then, the party proposing to sue should satisfy himself that he has a complete cause of action against the defendant; for at the trial, he will have to show that a right of action existed and was vested in him before he commenced his suit." Broom Com. 111. If an acceptance or adoption of the promise is necessary to entitle the beneficiary to maintain an action it must have been made before the action was instituted. It can not, as it seems to me, be possible that an element in the cause of action can be supplied by the action. I have always understood that the action is to enforce, not to create, in whole or in part, a cause of action. I think Lord Coke's definition, "An action is a legal demand of a man's right," fairly indicative of the purpose of a civil action. It seems to me that the only right which a man can demand is one complete when the action was commenced. If this be not so, then we must assign to a civil action a double office, that of

aiding in creating a cause of action, and then enforcing what it has assisted into existence.

The decisions of this court sustain the proposition that a promise for the benefit of a third person must be accepted in order to entitle him to maintain an action. In *Davis* v. *Calloway*, 30 Ind. 112, it was decided that before acceptance by the immediate parties the contract might be rescinded. " Until the acceptance by Davis of the promise of Calloway, the parties to the agreement had the right to rescind." If a right of action existed in favor of the third person it is very certain that others could not by rescission deprive him of it. In *Miller* v. *Billingsly*, 41 Ind. 489, it was said : " It is not necessary that the person for whose benefit the promise was made should have been aware of the promise when it was made. It is sufficient if such person, when informed thereof, accepts of, and acts upon, such promise." In the case of *Durham* v. *Bischof*, 47 Ind. 211, it was said : "The complaint alleges a demand of payment of Durham before the commencement of the action. In such a case, a demand is necessary. There was no proof showing an acceptance by the appellees, or a demand upon Durham. The court should have granted a new trial." The language just quoted very clearly shows that the court regarded an acceptance as essential to the cause of action. But we are not left in doubt, for the language above quoted from *Miller* v. *Billingsly, supra,* is made part of the opinion by incorporation. The question then has been directly decided by this court, and unless at least three cases are directly overruled it must be held that acceptance is an essential element in the cause of action. The doctrine of these cases has not been questioned by any of the subsequent cases, for in none of them was the question of acceptance presented or discussed. Our decided cases ought to be adhered to unless there is some good reason for disregarding the rule *stare decisis.* Not only ought we to adhere to them upon the rule stated, but we ought to adhere to them because they are sound in principle, and well supported by authority.

The doctrine that the parties to a contract made for the benefit of a third may rescind it before acceptance, is a very old one.   An English author says, in commenting upon some of the old cases:   "The general law as to strangers in blood, strangers to the contract, is the same at this day, to this extent at least, that the parties to the contract may at their pleasure abandon the contract, and mutually release each other from its performance."   2 Spence Eq. Jur. 280.   It is upon this principle that it was held that an assignment for the benefit of creditors was revocable until assented to by the beneficiaries.   2 Story Eq. Jur., section 973, n. 2.   The principle is recognized in many other cases.   It is expressly decided in the well considered case of *Kelly* v. *Roberts,* 40 N. Y. 432, that the parties may rescind the contract at any time before acceptance by the beneficiary.   But it is not necessary that I should review the cases holding that there may be a rescission before acceptance, for this has been done by a late writer who thus sums up:   "But after the mortgagee has adopted or accepted the agreement of the purchaser for his benefit, he is brought into privity with him, becomes a party to the agreement, is entitled to insist upon the performance of it, and can not afterwards be deprived of his right of action by any act of the mortgagor in releasing or discharging the purchaser."   In another section the same author says, in speaking of some cases holding that there may not be a rescission :   "It has been suggested * that this statement is subject to the qualification, that the assumption of the mortgage becomes irrevocable as to the mortgagee only after he has knowledge of the agreement, and has by his acquiescence and acceptance made himself a party to it."   1 Jones Mort., sections 764, 763.   Among other cases cited in support of this proposition is that of *Durham* v. *Bischof, supra.*   It seems to me that this construction and endorsement of our own decision by a writer of such standing supplies strong reasons for adhering to it.

It is very difficult, if not impossible, to perceive how two parties can make, and yet not unmake, a contract to which

they alone are parties, and upon which no one else has acted. I confess my inability to understand how it can be maintained that a contract may be enforced by a stranger who has done no act upon the faith of its existence. What possible right has he in the agreement to which he is an entire stranger? There is, it is conceded, no trust, and there can be no tort, and excluding these grounds of action, there is only one other conceivable one, and that is upon contract. Until the mortgagee in some legal method has made himself a privy to the contract he can have no action. The necessity for this privity of contract is recognized by one of our standard writers, and among the cases cited as sustaining the text is our own case of *Davis* v. *Galloway, supra;* 1 Story Con., section 574, auth. n. The case of *McLaren* v. *Hutchinson,* 18 Cal. 80, decides the precise question, for it is there held that acceptance is essential to the right of action.,

Reliance is placed upon the case of *Douglass* v. *Wells,* 57 How. Pr. 378. The decision in that case is not entitled to very great weight. It is the decision of a divided court; it is not the decision of a court of high authority. The decision is in diametrical opposition to the highest court of the State of New York; it is in flat conflict with the well reasoned case of *Kelly* v. *Roberts, supra;* it flies in the face of the decision in *Simson* v. *Brown,* 68 N. Y. 355, where *Kelly* v. *Roberts, supra,* is directly approved; it is in utter hostility to the still later case of *Moore* v. *Ryder,* 65 N. Y. 438, where it was said, and said in expressing the opinion of an unanimous court: "While they could adopt and enforce such a promise made upon a valuable consideration for their benefit, within the rule laid down in the case of *Lawrence* v. *Fox,* 20 N. Y. 268, they did not do it, and until they did adopt it, * and accept the new debtor in the place of the old one as their principal debtor, the original parties to the promise could rescind or modify it; and the obligation of the promisor to the party for whom the promise was made remained imperfect."

It is settled that where there is a contract of assumption,

the party who assumes the debt becomes the principal debtor, and the original debtor is but the surety.

If it be held that the beneficiary may enforce the promise without having adopted it, then we shall have the strange anomaly of a stranger becoming the creditor of a principal debtor; while the party with whom he did contract, and with whom he is in privity as principal debtor, sinks into the position of surety. I can not believe that such a transformation can take place without the participation of the creditor. Until he adopts the contract made for his benefit there is no change in the relationship of his debtor. Can a principal be metamorphosed into a surety without the acquiescence of the creditor?

I do not, I add to prevent misunderstanding, place my opinion upon the ground that a demand is necessary as a condition precedent to the right to sue; on the contrary, I do not believe any demand is necessary. I put my opinion upon the ground that there is no cause of action until the beneficiary has accepted or adopted the promise made for his benefit.

I am compelled to refuse assent to so much of the prevailing opinion as holds that no adoption or acceptance before suit is necessary.

Filed April 20, 1882.