Israel *vs.* Reynolds *et al.*

IsAAC G. IsRAEL, who sues for the use of E. B. Scholl, plaintiff in error, *vs.* WILLIAM T. REYNOLDS *et al.*, defendants in error.

### *Error to Pike.*

In an action upon an instrument of indemnity, the plaintiff must aver in the declaration, that it was given for a sufficient consideration, and that he has been damnified by having to pay.

Where a general demurrer is filed to several counts in a declaration, one of which is good, the demurrer should be overruled.

This action was commenced by attachment. The first four counts in the declaration were special, and founded upon the following instrument of writing:

"*St. Louis, Feb'y 5th,* 1848.

"*I. G. Israel, esq.*

"DEAR SIR : In accordance with your request, we herein state, that according to our understanding with you, when we purchased your property, known as St. Louis, Ill., we will pay for the boiler purchased by you, for your saw mill, and not yet paid for by you, with the understanding, that the cost of said boiler does not exceed three hundred and fifty (350) dollars.

"Yours, truly,      W. T. REYNOLDS & Co."

The fifth count, was for work and labor; goods, wares, and merchandize, sold and delivered; money paid, laid out, and expended, and an account stated.

To this declaration the defendants filed a general demurrer to the first, second, third, fourth and fifth counts; and to all the counts of said declaration, except the first, second, third, fourth and fifth, pleaded the general issue ; to which last plea a *similiter* was added. There was a joinder in demurrer. The judgment of the Court below on the demurrer, is as follows : "The demurrer filed to the first, second, third, fourth and fifth counts being heard, is sustained, and leave is given plaintiff to amend the second count in his declaration." The plaintiff abided by the counts in his declaration, except as to the second count. This count was amended, demurred to as amended, and demurrer sustained. A trial by jury was had, on the issue joined, as the record represents, and a verdict was found for the defendant at April term, 1849, before Minshall, Judge. A motion for a

new trial was made by the plaintiff, which was overruled. A bill of exceptions was filed, which it is unnecessary to notice, as the opinion of the Court is founded upon matters extraneous of the statements in the bill.

The first count in the declaration states, that the defendants, as co-partners, made their certain instrument in writing, bearing date, &c., and thereby, then and there, promised the plaintiff in the words and figures following, to wit, (here setting forth the foregoing instrument verbatim,) and then and there delivered the said instrument or undertaking in writing, to the said plaintiff, and avers that the boiler cost the sum of three hundred and fifty dollars, and that the cost of the boiler did not exceed the sum of money in the said instrument, &c., specified, and the said defendants then and there, in consideration of the premises, undertook and promised to pay to the said plaintiff the said sum of three hundred and fifty dollars, according to the tenor and effect of said instrument, &c.; avers the indorsement before payment to one Stephen H. Gray, and an indorsement from Gray to the said Edward B. Scholl, for whose use this suit is brought; by means whereof, and by force of the statute, the said defendants became liable to pay Scholl the sum of money in the said instrument, according to its tenor and effect; and being so liable, undertook and promised to pay the plaintiff, for the use of Scholl, the sum of money specified in the said instrument or undertaking in writing, according to the tenor and effect thereof. The second count is like the first, omitting an averment of the assignments. The third count omits the instrument, but sets forth its tenor and effect, and omits averment of assignment, but is in other respects like the first count. The fourth count sets forth, that the defendants made their certain other instrument or undertaking in writing, bearing date a certain day and year therein mentioned, to wit, the day and year aforesaid, and then and there delivered the same to the said plaintiff, and then and there promised to pay the said plaintiff the sum of three hundred and fifty dollars, according to the tenor and effect of said instrument or undertaking in writing. The fifth count is the common count. The only breach assigned is at the conclusion of the fifth count.

The plaintiff below sued out this writ of error, and assigns for error the refusal of the Court below to grant a new trial; the

sustaining of the demurrer to the first five counts, respectively, of said plaintiff's declaration; that the verdict of the jury and judgment of the Court is contrary to the law and evidence, and that the verdict and judgment should have been for the plaintiff, and not for the defendant.

C. A. WARREN and O. C. SKINNER, for plaintiff in error, make the following points:

1. The defendant's demurrer is general, and to the first five counts of the declaration, and includes the first common count. He insists that the first, third and fourth special counts are good on general demurrer; but if held bad, the fifth count is good, and, therefore, the demurrer should have been overruled. 2. The second special count overruled is good, and the demurrer to this count should have been overruled. 3. The paper evidence offered was proper in support of the common counts. 5 Gil., 587; 4 ibid, 46, 48; 2 Greenl., secs. 113, 114. 4. The Court should have granted a new trial. To the first point, the following authorities: Breese, 53; 1 Scam., 421; 3 Black. R., 167; 3 Black. R., 251. 5. Although the written instrument did not make complete proof, yet, if it tended to prove a liability to pay, it ought to have gone to the jury.

R. S. BLACKWELL and M. HAY, for defendants in error:

The first count is bad, and the demurrer properly sustained. 1. The instrument is not embraced within the provisions of the statute. R. S., 384, sec. 3; because no certain sum is named in the instrument; because payable on a contingency. Cogshell *vs.* Cogshell, 1 Strobhart R., 43. Because no person named therein as payee. Mayo *vs.* Chenoweth, Breese R., 155; Walters *vs.* Short, 5 Gil., 252. Therefore, a consideration should be averred in the declaration; the instrument creating no legal liability. Letcher *vs.* Taylor, 2 Bibb, 572, 585; Prior *vs.* Linsey, 3 Bibb, 76–7. 2. If the instrument does not import a consideration, because not within the statute, and the instrument set out in this count *in hæc verba*, showing upon its face a past and executed consideration, the count should aver that the boiler was purchased at the request of Reynolds & Co. Comstock *vs.* Smith, 7 John., 87; Parker *vs.* Crane, 6 Wend., 647. 3. The count showing a promise by Reynolds & Co. to pay for a boiler

already purchased by Israel, it is in the nature of a promise to indemnify Israel, and he should aver that he had paid for the boiler, or that he has been damnified in some way.   4. If the instrument is negotiable under our statute, the count shows that Israel parted with his title by assignment, and he cannot, therefore, maintain an action upon it.   Campbell *vs.* Humphries, 2 Scam., 478.

The second count has been abandoned, by asking leave to amend.   The amended second count is clearly bad, being incomplete and uncertain.   The third count is clearly defective.   1. No consideration is directly averred.   2. The one inferentially alleged is past and executed.   3. There is no averment as to whom the money is to be paid.   4. No breach of the promise is alleged.   The fourth count is bad.   1. There is no consideration set forth.   2. No time of performance is alleged.   3. No breach is averred.

There is a misjoinder of parties, in the several counts of the declaration, therefore demurrer was properly sustained to the whole declaration.   1. Chitty's Plead., 236, 704.   The Court can take no notice of the errors predicated upon the bill of exceptions, because it is informal and insufficient.   3 Scam., 63.

Admitting that the demurrer was improperly sustained to the fifth count, yet the Court will not reverse the judgment.   1. Because they have committed the first irregularity in not joining in our demurrer to their declaration; which, under ordinary circumstances, would amount to a discontinuance.   2. Because they could have offered no evidence under the common counts, but the writing set forth in the affidavit, upon which the attachment was founded.   Reasons : first, lien of attachment is good as against third persons, to the extent and nature of the debt set forth in the affidavit; second, defeats debtor's remedy on bond.   Fairfield *vs.* Baldwin, 12 Pick., 388.   And the writing was inadmissible under the counts.   Because, if valid, it was in full force and unrescinded.   Robertson *vs.* Lynch, 18 John., 451; 1 Pick., 118.   The legal title was in Gray, by virtue of the assignment.   The writing was not evidence, under any of the specifications contained in this count.   3. The plaintiff is not prejudiced by the decisions of the Court, and it appearing from the whole record that justice has been done, the judgment will not be reversed.   3 Scam., 485–6; Sheehan *vs.* Hampton,

8 Ala., 942; Cunningham vs. Carpenter, 10 Ala., 109; Rakes vs. Pope, 7 Ala., 162; McKenzie vs. Jackson, 4 Ala., 230; Evans vs. Gordon, 8 Porter, 142; Proskey vs. West, 8 S. & M., 718; Smith vs. Elder, 7 S. & M., 507; Elliott vs. Fowler, 1 Littell, 201, 202; Clark vs. Boyd, 6 Monroe, 295; Williamson vs. Richardson, 6 ibid, 606–7; Sanders vs. Johnson, 1 Bibb, 322; Jones vs. Handley, 3 Bibb, 225; Harman vs. Kelley, 14 Ohio, 502; Andre vs. Johnson, 6 Blackford, 375.

The demurrer being to the whole declaration jointly, the plaintiff, after demurrer was sustained, having asked leave to amend, and having actually amended second count, abandoned his whole declaration, and cannot now assign for error the decision of the Court upon the demurrer. The issue of fact and trial by jury waived the demurrer as to the fifth count.

O. C. Skinner, in reply:

As to the manner of counting in the declaration, upon the causes of action set forth in the affidavit, see Palmer vs. Logan, 3 Scam., 56. That if the instrument counted on shows that there was a specific sum of money to be paid, it is good evidence to go to the jury upon the common counts. 2 Greenleaf, secs. 113, 114, and note 7. The agreement shows a distinct promise to pay, and it is presumable that the plaintiff has been compelled to pay for the boiler, inasmuch as defendants did not pay. The plaintiff paid a debt for defendants, a debt which they were liable to pay, in order to relieve himself from his original liability to pay, and which defendants bound themselves to pay in his stead. That plaintiff had a right to offer the instrument to the jury, as a step in his proof, and the Court ought not to have forbidden it, as plaintiff might afterwards supply any omission and establish his case. Rogers vs. Brent, 5 Gil., 587.

Opinion by Mr. Justice Caton:

That the first four counts of this declaration are bad, we entertain no doubt. The writing on which they are founded, is not one upon which alone an action can be maintained under our statute; and we must, therefore, be governed by the common law rules. It seems to be in the nature of an indemnity against the debt, which the plaintiff owed for the boiler, and, in order to maintain an action upon it, it was necessary to show that the

writing was given upon a sufficient consideration; and that the plaintiff had been damnified by having had the debt to pay, which the defendants had promised to discharge. The fifth is the common count, and its sufficiency is not questioned. As there were but five counts in the declaration, the demurrer was, in fact, to the whole of it, and was improperly sustained to the fifth count; and in this there was error. The defendant filed a general issue to all of the declaration, except the five first counts, and there being but five counts, of course the plea answered nothing, and could present no issue. As there was no issue to the country formed, the trial which took place was a nullity, and it is not necessary to examine its history. It may be true, that the demurrer was only designed to be applied to the special counts, and that the general issue was supposed to be filed to the common count. But however probable this may be, we are not at liberty to assume that it was so, in defiance of the record, which declares to the contrary.

The judgment of the Circuit Court is reversed, with costs, and the cause remanded, with leave to both parties to amend theirp leadings.

*Judgment reversed.*