## WILLIAM ROSS *vs.* JOHN WELCH.

A contract for the sale at a certain price of growing cabbages not yet ready to be gathered, but which afterwards, when ready for gathering, are counted by the parties and left on the land with an agreement that the purchaser may take them away at any time, makes a sufficient sale and delivery of the whole number, notwithstanding the statute of frauds.

ACTION OF CONTRACT on an account annexed, to recover $32.23 for cabbages sold and delivered.

At the trial in the court of common pleas, the plaintiff offered evidence that he sold to the defendant in August 1857 all the cabbages growing on a certain lot, at a price, which was agreed on after they had looked over the cabbages together, of three cents and a half a head, whether they headed or not; that in November, after the cabbages had headed, they met again and counted them, and agreed upon the number which the defendant should take, and that he should take them away whenever he should want them; and that he did take away only part of them.

The defendant contended that the plaintiff could recover only for the cabbages actually delivered to and received by the defendant, and that the contract was within the statute of frauds, Rev. Sts. *c.* 74, § 1, and should have been in writing. But *Briggs*, J. instructed the jury that if they were satisfied upon the evidence that the contract was made as the plaintiff claimed, they should return a verdict for the whole amount. A verdict was returned accordingly, and the defendant alleged exceptions.

*W. A. Williams*, for the defendant.

*D. Foster*, for the plaintiff.

BY THE COURT. The question is whether the facts show a sufficient sale and delivery of the cabbages. Those that were to be taken were designated. It is objected that the cabbages were growing, deriving their nourishment from the soil, and were therefore part of the realty; but that is not the test. The parties went upon the land in August, and agreed that the cabbages there growing should be taken when ready to be severed; and in November, when the cabbages were ready to be gath-

ered, they agreed on the number. The defendant contended that he could only be liable for those actually delivered; but a constructive delivery is sufficient to complete a sale. No further act was necessary on the part of the vendor. An agreement · to sell articles ready to be delivered and taken away, though still standing on the soil, unrevoked, is sufficient delivery to give effect to the sale between the parties.

*Exceptions overruled.*