## RODOLPHUS C. CLARK *vs.* JOHN C. GAMWELL.

Hampden.   Sept. 25. — Oct. 21, 1878.   AMES & SOULE, JJ., absent.

An agreement that the fee of an officer for keeping property, attached upon a writ
in an action brought by the plaintiff against the defendant, should not be included
in the taxation of costs, in consideration of a promise by the defendant to pay the
same to the plaintiff in a few days, is a lawful contract; and, it appearing that there
was a controversy between the parties as to whether such fee was properly taxable
as a part of the costs, and that the agreement and promise were made as an adjust-
ment of the controversy, is founded upon a sufficient consideration; and, upon the
neglect of the defendant to pay as agreed, the plaintiff may maintain an action
against him for the amount of the fee, although the plaintiff, at the time the action
was begun, had not paid the fee to the officer.

CONTRACT upon an account annexed for $108.50. Writ dated January 13, 1876. The declaration alleged that the plaintiff brought an action against the defendant and recovered judgment against him; that a horse belonging to the defendant was attached upon the writ in that action and placed in the hands of a keeper by the officer making the attachment; that after judgment was recovered, the defendant requested that the costs of keeping the horse should not be taxed in the taxation of costs and made part of the execution, and, in consideration thereof, promised to pay the plaintiff the same in a few days; that in consideration of said request and promise, the plaintiff consented that the fee for keeping the horse should not be so taxed; that the fee was not included in the taxation of costs; and that the defendant had not paid the plaintiff as agreed, but owed him the amount of the fee.

Answer: 1. A general denial; 2. Want of consideration; 3. That the declaration did not set out a legal cause of action.

At the trial in the Superior Court, before *Allen*, J., without a jury, the facts set out in the declaration were proved, substantially as alleged. It also appeared that there was a controversy between the parties as to whether the expenses of keeping the horse were properly taxable as a part of the costs of the suit, and the agreement and promise alleged in the declaration were made as an adjustment of this controversy; and that the plaintiff did not pay the officer's fee for keeping the horse until after this action was commenced. The defendant asked the judge to rule that the plaintiff had no cause of action against the defendant, at the time it was begun, because he had not then paid to the officer the fee for keeping the horse; that the fee could not legally be taxed in the bill of costs; and that the promise by the defendant to pay the same, for the consideration alleged in the declaration, would not support this action. The judge declined so to rule; and found for the plaintiff for the amount claimed. The defendant alleged exceptions.

*H. Morris & A. M. Copeland*, for the defendant.

*E. H. Lathrop*, for the plaintiff.

LORD, J. There does not appear to have been any error in the ruling of the presiding justice in this case. The action was brought to recover the expense of keeping a horse of the defend-

ant, which the plaintiff had caused to be attached upon a writ against the defendant, and is founded upon an express promise by the defendant to pay for the same. It is assumed by the defendant that such an action, under the authority of *Cutter* v. *Howe*, 122 Mass. 541, cannot be maintained; but such is not the decision in that case. The question there arose upon the taxation of costs for keeping goods, attached by an officer, not perishable in their nature. It does not decide that any contract in reference to such goods, made either between an officer and either of the parties, or between the parties themselves, is void. In this case, it is found that the plaintiff caused to be attached a horse of the defendant. The provisions of the statute in relation to the attachment of live animals, or of property perishable in its nature, differ from those relating to the attachment of property not in its nature perishable. Gen. Sts. *c.* 123, §§ 73–78. Whether the horse attached was sold, under the provisions of the statute, or whether appraisers were appointed, conformably to law, or whether either party requested a sale of the horse to be made, does not appear.

There is no presumption that anything was done, either by the officer or the plaintiff, that was not authorized by law to be done. Nothing appearing to the contrary, some fee for the keeping of the horse was authorized by law. The proper amount of such fee, if there was any controversy upon the subject, must be determined, in the first instance, by the clerk in the taxation of costs; and if either party is dissatisfied with such taxation by the clerk, he may appeal to the court in which the proceeding is pending. In this case, it seems that the parties differed, as to whether any, or what charge for keeping was properly taxable. If any sum were taxable, it would become a part of the judgment, upon which execution should issue.

The presiding judge found that the plaintiff agreed that he would not claim any sum to be taxed in his bill of costs, and in consideration thereof, and "as an adjustment of the controversy," the defendant promised that he would pay the sum demanded in this suit. We are satisfied that such a promise is founded upon a good consideration. Whether the consideration was of equal value with the amount promised to be paid was a question for the defendant to determine for himself. He received some

benefit in not being subject to an execution for the amount which was actually due, and the plaintiff lost some benefit by being put to his action to recover the amount, instead of having an execution issue for it.

Independently, however, of such consideration, the compromise of a claim, disputed wholly or in part, is a sufficient consideration for an express promise to pay. The fact that the plaintiff had not himself paid the amount, which, for aught that appears, he was liable to pay, does not affect the question.

*Exceptions overruled.*