## RISK ET UX. *v.* HOFFMAN.

MORTGAGE.—*Agreement by Grantee to Pay Debt Secured by.*—*Subrogation.*— *Foreclosure.*—*Pleading.*—A complaint averred, in substance, that in 1861 the plaintiff was the owner of certain described land in this State; that at said time he executed a mortgage on the same to P., to secure a certain indebtedness set forth in the mortgage; that in 1864 the plaintiff conveyed said land to W., who subsequently conveyed it to B. who conveyed it to R., each grantee agreeing, as a part of the purchase-money, to pay off and satisfy the indebtedness secured by said mortgage, which agreement was inserted in the several deeds of conveyance, which deeds, together with the mortgage, were made exhibits; that in 1875 P., the mortgagee, recovered judgment against the plaintiff for a certain sum which was a part of the indebtedness secured by the mortgage; that the plaintiff had paid said judgment and costs, which amounts were due and unpaid. Prayer to be subrogated to the rights of P. under the mortgage, and for judgment and decree of foreclosure, etc.

*Held,* that the complaint is sufficient.

From the Ripley Circuit Court.

*G. Durbin,* for appellants.

*W. D. Willson* and *C. H. Willson,* for appellee.

BIDDLE, J.—The complaint by the appellee, against the appellants, in this case, avers the following facts:

That, on the 20th day of September, 1861, the plaintiff was the owner of certain lands in Ripley county, which are described; that on said day he executed a mortgage on the same to Stephen C. Prebble, to secure a certain indebtedness, set forth in the mortgage; that on the 20th day of April, 1864, the plaintiff and his wife sold and conveyed said lands to Henry H. Wise, who, as a part of the purchase-money therefor, assumed the payment of said indebtedness set out in the mortgage to Prebble, which agreement was set forth in the conveyance to Wise; that said Wise, on the 31st day of August, 1864, sold and conveyed said real estate to Joshua Buchanan, who, also, as a part of the purchase-money, agreed to pay said indebtedness secured by the mortgage of plaintiff to Prebble, which agreement was inserted in the conveyance from Wise to

Buchanan; that Buchanan, on the 15th day of December, 1866, sold and conveyed said real estate to James M. Risk, the appellant, and said Risk agreed, as a part of the purchase-money, to pay off and satisfy the indebtedness secured by said mortgage, which agreement was inserted in the conveyance he received from Buchanan. The mortgage and the several conveyances, containing the agreements as above averred, are made exhibits.

The plaintiff further avers that, on the 6th day of October, 1875, Prebble, the mortgagee, recovered judgment against the plaintiff, in the Jennings Circuit Court, for eighty-three dollars and seventy cents, which was a part of the indebtedness secured by the mortgage; that the plaintiff, on the 26th day of May, 1876, paid said judgment and the costs thereon, which amounts are still due and unpaid. Prayer to be subrogated to the rights of Prebble under the mortgage, and for judgment and decree of foreclosure, etc.

A demurrer for the want of facts was overruled to the complaint, and exceptions reserved. As this ruling presents the only question in the case, it is unnecessary to state the subsequent proceedings and judgment.

1. It is alleged against the complaint that it does not sufficiently describe the indebtedness of the plaintiff to Prebble, secured by the mortgage. That indebtedness is not the foundation of the action, and need not be particularly described. The agreement of Risk to pay off the mortgage on the land is the foundation of this action. This is written in the conveyance from Buchanan to Risk, which is properly made an exhibit in the case. The case of *Watkins* v. *Brunt*, 53 Ind. 208, cited by appellant, does not support his views.

2. It is said that it nowhere appears in the complaint that the defendant had not paid off the mortgage, the payment of which he had assumed. This is not the breach,

complained of. The complaint alleges that the plaintiff was compelled to pay money which the defendant, by his agreement to pay off the mortgage, ought to have paid for the plaintiff, showing the amount, and then avers "that said sum is due and wholly unpaid." This is sufficient.

3. That it nowhere appears that Risk had notice of the proceedings in the Jennings Circuit Court, is also urged against the complaint. It was not necessary that Risk should have had any such notice, nor was it necessary that any such proceedings should have been had. The plaintiff might have voluntarily paid off the mortgage without any suit, and then sued Risk for not paying it according to his obligation in the deed from Buchanan.

4. It is also insisted that it should appear by the complaint that the plaintiff had accepted the promise of the defendant, made to Buchanan in his deed, to pay off the mortgage. This is not necessary. The promise to Buchanan to pay off the mortgage against the plaintiff might have been made without the plaintiff's knowledge, and yet be valid in his favor. The promise was for the benefit of the plaintiff, and he may sue upon it, though it was made to Buchanan.

5. There are several other very slight objections taken to the complaint,—such as that no time was fixed when Risk should pay off the mortgage, that no demand was made before suit was commenced, etc.,—which we need not notice any further than to say that they have no force. See this case, as before decided, *Hoffman* v. *Risk*, 58 Ind. 113.

The judgment is affirmed, at the costs of the appellants, with ten per cent. damages.