<hr />

## Ligare v. Hayden.

1.   GUARANTY—*Implied Promises.*—Appellee sued appellant as maker
of a promissory note, indorsed by the payee to the appellee, after it was
due.   Another note made by the payee and guaranteed by the appellant,
was then lying, overdue and unpaid, in a bank.   *It was held*, that there
was an implied promise by the payee to indemnify appellant against the
consequences of that guaranty, but until the appellant had been damni-
fied, that implied promise could not be the basis of any defense to the
note sued upon, whether it remained in the hands of the payee or was
indorsed by him after maturity.

Memorandum.—Assumpsit.   In the Circuit Court of Cook County;
the Hon. RICHARD W. CLIFFORD, Judge, presiding.   Declaration, first
indorsee against maker; plea, general issue; trial by jury; judgment for
plaintiff; appeal by defendant.   Heard in this court at the March term,
1893, and affirmed.   Opinion filed June 29, 1893.

The opinion states the case.

C. C. BONNEY and LYMAN M. PAINE, attorneys for appel-
lant.

APPELLEE'S BRIEF, FLOWER, SMITH & MUSGRAVE, ATTORNEYS.

On pleading a set-off, the defendant assumes the position of a plaintiff, and in order to recover he is required to prove the same facts which he would be required to prove if he had brought an original action on his demand. Ellis v. Cothran, 117 Ill. 458; Ayres v. McConnel, 15 Ill. 230.

A surety has no claim against the principal, until he has made payment. Daniel on Negotiable Instruments, Sec. 1339; Brandt on Suretyship, Sec. 205, and cases cited, especially In re Estate of Hill, 67 Cal. 238; Lane v. Westmoreland, 79 Ala. 372.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant as maker of a promissory note, indorsed by the payee to the appellee, after it was due. Another note, made by the payee and guaranteed by the appellant, was then lying overdue and unpaid in a bank.

The appellant insists that his then liability as guarantor for the payee is in some way a defense to this note. It was no failure of consideration, nor was it a set-off, nor payment.

There was an implied promise by the payee to indemnify the appellant against the consequences of that guaranty, but until the appellant had been damnified, that implied promise could not be the basis of any defense to the note sued upon, whether it remained in the hands of the payee, or was indorsed by him after maturity. Brandt Sur. and Guar., S. 205; Israel v. Reynolds, 11 Ill. 218.

The statute, Sec. 12, Ch. 98, Negotiable Instruments, by which a set-off follows a note indorsed after maturity, has no effect here.

The judgment is affirmed.