Minshall, J.
The objection to a recovery on the petition is, that Harper’s name nowhere appears on the note, and that no recovery can be had against him, nór his assignee, for this reason, *431 although, the money was thus raised for his use, and he in fact received it; and authorities are cited to show that parties, cannot be added to and made liable on instruments of this kind by parol. This is conceded to be the rule, particularly where there is a disclosed principal. In such cases the presumption is that the paper was taken on the credit of the parties to it. But such is not this case, and the objection to the petition on this ground misapprehends its character. The action is not on the note signed and indorsed by Matthews, but on the special facts of the case, of which the making of the note is but a part. It is a settled principle of the law founded on the plain principle of justice, that where one receives money that in equity and good conscience belongs to another, the latter may recover it as money had and received to his use. This was the phraseology of the common law, used for the sake of the remedy, assumpsit. ■ Under the code the fiction of a promise is not required — is, in fact, contrary to its rules. By it, where the statement of the facts show a duty neglected on the part of the defendant, and of which the plaintiff has the right to require performance, the petition states a cause of action.
The facts disclosed by the petition are, in substance, that Harper procured Matthews to make and indorse a promissory note for six thousand dollars, payable at the office of a broker, and also transferred to Matthews 'fifty shares of the stock of the Fidelity National Bank to be, and which were attached to the note as collateral security. On this note the broker obtained the money from the plaintiff and turned it over to Harper. Matthews is irresponsible, and neither the note nor *432 the stock is worth anything. Harper’s connection with the matter was nowhere disclosed, although the entire transaction was directed by himself and was for his sole benefit. Good conscience certainly required Harper to pay back this money as a loan to himself; and, being insolvent, it should be accepted as a valid claim against his estate.
The cases and the books fully support a recovery in such case. As observed before, it is not a case where it may be presumed that the plaintiff elected to rely on the credit of the names of the parties to the paper and the collateral security; for the name of the real party in interest was not disclosed, so that there could have been no election, and the action is not on the note, but against an undisclosed principal upon the special facts of the case, making it inequitable and unjust for him to retain the money, or, in other words, not to pay the note he procured to be made and on which he got the money. Pentz v. Stanton, 10 Wend., 271; Allen v. Coit, 6 Hill, 318; Kayton v. Barnett, 116 N. Y., 625; Lovell v. Williams, 125 Mass., 439; Chemical National Bank v. City Bank, (Ill.) 40 N. E. Rep., 328; 1 Randolph Com. Paper, 180; 1 Parson’s N. & B., 93, note 1.
The case of The Chemical National Bank v. The City Bank is quite similar in its facts to the case before us, but not more so, on principle, than the other cases cited. There, Braden who was the cashier of the Chemical National Bank, under an agreement with its president, drew his individual note for $5,000, payable four months after date to Wetmore or order, and attached to it fifty shares of the stock of the bank as collateral, that had been transferred to him by the bank for that purpose, *433 and the money was obtained on the paper from the plaintiff through Wetmore, a broker, and paid over to the defendant. Not being paid, suit was brought on it against the defendant. The declaration contained the common counts and a special one, in which it was charged that the defendant made the note by “the name, style and description of C. E. Braden.” On error, the judgment below for the plaintiff was affirmed. In disposing of the case the court said: “As before observed, the declaration contained the common counts, and, if it was conceded — which it is not — that the defendant was not liable on the note, no reason is perceived why an action for money had and received could not be maintained. ” And after citing other cases, the court continued: ‘Here the Chemical National Bank received from the plaintiff $5,000, which it agreed to pay. Braden, who signed the note, had no interest in the transaction. Wetmore had no interest. He acted merely as an agent in procuring the loan for the defendant, and transferred the note over to the plaintiff without recourse, and passed the money which the note represented from the plaintiff to the defendant. The money is still in the hands of the defendant. It is the person liable to pay the money, and the City Bank of Portage is the person entitled to receive the money; and, in an action for money had and received, we see no reason why the plaintiff may not surrender the note in court, and recover a judgment for the amount of the money. ’ ’ The accuracy of the courts conclusions in this case is sustained by reason and authority, as will appear from the citations before made.
The case of Peterson v. Roach, 32 Ohio St., 374, is relied on by the plaintiff in error, as applicable. *434 We do not thmK so. It was simply a case where one member of a firm borrowed money oh his individual credit and that of a surety, and after-wards applied it to the use of the firm; and such was his purpose at the time he borrowed the money. But there was nothing to show that the loan was made on the procurement of the firm, or that the other member was undisclosed. The member borrowing the money acted for himself, and not for the firm, nor at its instance.
In the case of Bank v. Hooper, 5 Gray, 567, also relied on, it was held that a bank which had discounted bills drawn in his own name by the agent of a disclosed principal, could not sue the latter, nor prove against his estate in insolvency, although the proceeds were applied by the agent to the use of the principal. This is on the principle before stated, that when' the principal is known to the creditor, credit is presumed to have been given to the agent by accepting his paper instead of that of the principal; and, in such case, when the suit is on the paper, new parties cannot be added to it by parol. As pointed out by counsel, the rule in Massachusetts applicable to the case before us, is stated in the later case, Lovell v. Williams, 125 Mass., 430, where it is held: “If a person sells goods to another, who is an agent of an undisclosed principal, and takes the note of the purchaser in ignorance of such fact, the presumption that the note was taken in payment is rebutted, and the seller may resort to the undisclosed principal.” This rule seems so agreeable to the ordinary notions of justice, that it is difficult to perceive why it should ever have been questioned.

Judgment affirmed.