FIRST STATE BANK OF PARADISE et al.
v. WALLACE.

(Court of Civil Appeals of Texas. Ft. Worth.
Oct. 25, 1913. Rehearing Denied
Nov. 22, 1913.)

1. INDEMNITY (§ 9*)—EXTENT — ATTORNEY'S
FEE—ACTION ON CONTRACT.

Plaintiff, in an action upon a contract of indemnity whereby defendant had agreed to pay or discharge his debts, was not entitled to be indemnified for an attorney's fee paid by him in defending one of the creditors' suits pending the transaction.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 16, 17; Dec. Dig. § 9.*]

2. INDEMNITY (§ 15*)—ACTION FOR BREACH—
CONDITION PRECEDENT—PAYMENT OF DEBT
IN CONTROVERSY.

Plaintiff, while insolvent, transferred his stock of goods, his accounts, and other property to defendant bank in order to discharge and satisfy certain debts included in a list furnished to the bank, and the bank satisfied such creditors and brought about plaintiff's discharge for a less sum than the face value of his debts, so that he was not required to pay anything further to such debtors. Held, that the contract to pay plaintiff's debt was a contract of indemnity only, and that plaintiff, to maintain an action for breach thereof, and to recover the difference between the face of the debts and the amounts paid for their discharge, must show that he paid such debts.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 36–40, 42–47; Dec. Dig. § 15.*]

Appeal from District Court, Wise County; J. W. Patterson, Judge.

Action by J. W. Wallace against the First State Bank of Paradise and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered for defendants.

McMurray & Gettys, of Decatur, for appellant. R. E. Carswell, of Decatur, for appellee.

CONNER, C. J. Appellee instituted this suit, alleging, in substance, that in March, 1912, he conveyed to the First State Bank of Paradise certain merchandise and other property of the aggregate value of $2,160.30, in consideration for which said bank, acting through its agent, L. W. Clarke, agreed to

pay specified debts due wholesale creditors of plaintiff, aggregating $1,638.79. It was alleged that, in addition to the indebtedness due the wholesale dealers named, the plaintiff owed the defendant bank $1,000, upon which was to be credited the difference between the aggregate amount of the property conveyed to the bank and the aggregate amount of the plaintiff's indebtedness (viz., $450), and that for the balance of said bank debt plaintiff gave a secured note. It was further alleged that Clarke, acting for the defendant bank, specifically agreed to pay the plaintiff's said debts, dollar for dollar, but that, contrary to said agreement, Clarke later secured from said wholesale men acquittances or discharges from said debts against the plaintiff for 33⅓ cents upon the dollar, and the plaintiff sought to recover the difference between the total amount of his indebtedness and the amount that had in fact been paid as alleged in discharge thereof.

The defendant bank and Clarke answered by general and special exceptions, the general denial, and specially that at the time of the transaction detailed by the plaintiff he was insolvent and indebted in a total amount of some $3,027.04, including a debt to the bank of $1,377.20; that the property conveyed to the bank was in fact worth much less than had been estimated in the agreement, and that "said defendant bank, through its said agent, only agreed to take plaintiff's stock of goods and his accounts and satisfy the wholesale men to whom the plaintiff was indebted"; that the plaintiff's assets and liabilities were at the time fully known to and understood by all of the plaintiff's creditors, and that the same were insufficient to pay more than about 50 cents on the dollar; that the purpose of the transaction on the part of all concerned was to settle the plaintiff's debts with such assets as he could produce or give for that purpose, and that their settlement was to be made by Clarke so as to extinguish and relieve plaintiff from the debts; that the transaction was undertaken and carried out with no other intention on the part of the defendants, and that they had in fact fully satisfied all of plaintiff's said wholesale creditors and extinguished the debts owing to them by the plaintiff by the payment of 33⅓ cents on the dollar.

The trial resulted in a verdict and judgment for plaintiff in the sum of $783.53, with interest thereon from March 12, 1912, and defendants have appealed.

[1] We think it quite clear that in no event was the plaintiff entitled to recover the $25 attorney's fees paid by him in defending one of the creditors' suits pending the transaction, as was authorized by the court's charge to which error has been assigned. See Clark v. Mumford, 62 Tex. 535; Turner v. Miller, 42 Tex. 418, 19 Am. Rep. 47. But, as this error might be cured by requiring a remittitur, we will without its particular discussion at once go to the controlling question.

That appellee was indebted in the several amounts specified in the answer of the defendants seems not to be disputed. Nor is it disputed that at the date named he conveyed to the defendant bank a stock of merchandise invoicing $1,560.30 and his equity in the building in which he had been doing business at an agreed value of $500. The evidence, however, was in conflict on the question of the real value of the property so conveyed and as to the terms of the agreement. Appellee testified that the stock of goods was new and fairly worth the invoice prices at which they had been conveyed, as was also his equity in his store building; that Clarke for the bank had agreed to pay the specified debts in full, dollar for dollar. Clarke, on the contrary, testified to a considerable less value for the property conveyed, and that the agreement was merely that he was "to satisfy" the specified creditors. It is also undisputed that at the time of the transaction under consideration appellee furnished Clarke a list of his creditors, upon which Clarke made the following indorsement: "I am to satisfy the wholesale men. L. W. Clarke, Cashier First State Bank." The court instructed the jury to the effect that, if they found the plaintiff had conveyed the property as he alleged, and that the bank, through its said agent, agreed in consideration therefor that it "would pay off the debts of plaintiff mentioned and set out in his petition, and if you further believe that said defendant bank had failed to fully pay off and discharge all of said debts, then you will find for the plaintiff, and the measure of his damages for such failure to fully pay off and discharge all of said debts (if there was such failure) is the difference between the aggregate amount of plaintiff's said debts and the aggregate amount paid by said defendant thereon," with 6 per cent. interest from the 12th day of March, 1912. The court further charged, in answer to a question on the part of the jury, "that by the term 'pay off and discharge' as used in the main charge given you is meant to pay in full; that is to say, 100 cents on the dollar."

Without reference to several other questions presented by the assignments of error and otherwise suggested by the record, we conclude that the plaintiff's petition is subject to demurrer, and that the court's charges are erroneous as assigned, for the reason that the basis of appellee's recovery as alleged and as submitted in the court's charge is without support under the law of this state. Appellee seems to have based his suit upon the distinction which has been made in numerous decisions between contracts of indemnity against a liability, or for the performance of some specific thing, and contracts to indemnify or save harmless from the consequences of such liability or failure to perform. It is insisted in behalf

of appellee that the obligation of the appellant bank was to pay the specified debts fully, and that, not having done so, the measure of his damages for the breach of the contract was as submitted by the court regardless of the absence of allegation and proof that he had been or would be required to pay anything more or other than had in fact been paid by the defendant in discharge of the debts in controversy. We have examined numerous cases that would seem to support appellee's contention. See Ham v. Hill, 29 Mo. 275; Israel v. Reynolds, 11 Ill. 218; Risk et ux. v. Hoffman, 69 Ind. 137; Lappen v. Gill, 129 Mass. 349; Bolles v. Beach, 22 N. J. Law, 680, 53 Am. Dec. 263; Wilson v. Stilwell, 9 Ohio St. 467, 75 Am. Dec. 477; Crofoot v. Moore, 4 Vt. 204; Malott v. Goff, 96 Ind. 496; Stuart v. Worden, 42 Mich. 154, 3 N. W. 876; Smart v. Smart, 24 Hun (N. Y.) 127; Ross v. Welch, 77 Mass. (11 Gray) 235; Clark v. Gamwell, 125 Mass. 428.

[2] In our state, however, contracts to pay the debt of another are treated as contracts of indemnity only, and it is held that one complaining of the breach of such a contract must, in order to show himself entitled to recover, show that he has paid the debt in controversy. In the case of Gunst v. Pelham, 74 Tex. 586, 12 S. W. 233, Pelham sold a certain tract of land to one Johnson, who in consideration therefor promised, among other things, to pay a note executed by Pelham to Murchison & Coleman for the sum of $1,052, which was secured by a mortgage upon the land. Later Johnson sold the same property to Gunst upon the same terms, and, the note of Murchison & Coleman not having been paid, the holders brought suit thereon against the maker, making Johnson and Gunst parties, to foreclose the mortgage. A decree of foreclosure was rendered, pursuant to which the land was sold and brought but a few dollars more than was necessary to satisfy the judgment. Suit was thereupon instituted by Pelham against Johnson and Gunst for the amount of the Murchison & Coleman note, but our Supreme Court held that exceptions to the petition so stating the facts should have been sustained; the court, in an opinion by Associate Justice Gaines, stating: "Upon the conveyance of the property to Johnson, and Johnson assuming to pay the note secured by the mortgage, the plaintiff acquired no immediate right of action against Johnson upon the promise. The promise was to pay the holders of the note, and not him. As between plaintiff and Johnson, by the agreement Johnson became primarily liable to pay the note; but plaintiff could only acquire a right of action against

him upon the promise by paying the note himself." We have not found where the authority of this decision has been disturbed. On the contrary, it has been cited and followed in a later case by the Court of Civil Appeals for the Fourth District. See Gregory v. Green, 133 S. W. 481. Adopting the construction of appellee's allegations and testimony most favorable to him, it in legal effect but amounts to an agreement on the part of the bank to fully discharge the debts specified in the appellee's petition. This was the substance of the agreement if not literally its terms. Appellee's complete discharge was brought about without dispute, and he thereafter was neither required to pay anything nor did there exist any further legal liability on his part with reference to the debts discharged. It would, therefore, so far as shown in the proof before us, seem to be immaterial that the bank brought about the discharge for a less sum than the face value of appellee's debts which the bank promised to pay. Facts of like legal import do not appear in any of the cases hereinabove cited as supporting the court's charge on appellee's measure of damages. As we read them, they merely proceed upon the assumption that a breach of a contract to pay the debt of another prima facie or presumptively left in full force the liability of the original debtor. But none of them seem to go so far as to give a right of recovery where, as here, it affirmatively appears there remains neither debt nor liability. The case of Ham v. Hill, 29 Mo. 275, supra, indicates otherwise. There it was said by the Supreme Court of Missouri, in reference to the measure of damages for the alleged breach of a bond to pay the debt of another: "If the plaintiff is entitled to recover, we see no reason why he should not recover the sum due by the bond. Of course, if the bond has been paid in part, or otherwise satisfied, the defendant will be entitled to the benefit of such payment or satisfaction. The presumption is that the plaintiff gave full consideration for the bond, and, if it is not discharged, the defendant should pay the amount of it"—thus indicating that it was at least open to the defendant to show an actual discharge of the debts specified in the bond, and thus, also, perhaps, indicating that there is no necessary conflict between the cases first cited and that of Gunst v. Pelham, supra. See, also, 22 Cyc. p. 92.

We conclude that appellee failed to show a right of recovery, and, inasmuch as no other ground of recovery is insisted upon or seems probable, it is ordered that the judgment be reversed and here rendered in favor of appellants.