THOMAS v. REYNOLDS et al.    (No. 9928.)

Court of Civil Appeals of Texas. Dallas.
April 2, 1927.

Rehearing Denied May 7, 1927.

I. **Indemnity** ⬦9(2)—Vendor held not liable for attorney's fees on bond to indemnify purchaser against loss by having to ·pay vendor's lien note.

Vendor *held* not liable for attorney's fees on bond to indemnify purchaser against loss sustained by having to pay vendor's lien note, in absence of express agreement therein to pay such fees.

2. **Contracts** ⬦143—Court cannot make contract by construction.

. Court cannot, by construction, make a contract parties failed to make for themselves.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by C. H. Loper against Mary E. Reynolds Strange and others, in which the named defendant, individually and as guardian of her .minor children, made E. B. Thomas a party and prayed judgment over against him. From a judgment for the named defendant against Thomas, he appeals. Reformed, and affirmed, as reformed.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

William H. Flippin and John T. Gano, both of Dallas, for appellees.

LOONEY, J. Judgment below was rendered against E. B. Thomas in favor of Mary E. Strange and the minor children of herself and her deceased husband, J. W. Reyn-

olds, on a bond of indemnity executed in favor of Reynolds by Thomas.

Thomas and wife conveyed to J. W. Reynolds certain real estate in the city of Dallas, against which there existed an unpaid vendor's lien note for $800, with interest and attorney's fees, for the foreclosure of which suit was pending in the district court of Dallas county by Ralph M. Love and Gus Sabanovich against J. W. Yarbrough, and for the purpose of protecting Reynolds from the hazard of having to pay the judgment, or any part thereof, that might be rendered in said cause, Thomas executed a bond of indemnity in favor of Reynolds, which, after the preamble, reads as follows:

"Now, therefore, in consideration of the premises and for the purpose of fully indemnifying the said J. W. Reynolds against any and all loss that may be sustained by him by reason of said note, I, the said E. B. Thomas, do hereby acknowledge myself bound unto the said J. W. Reynolds in the sum of $1,600, conditioned that I will fully protect him against any and all loss sustained by him by reason of having to pay said note or any part thereof; and until said note and the said suit pending is fully satisfied, canceled, and held for naught, this obligation shall be in full force and effect, and thereafter it shall be null and void."

After this transaction, Reynolds and wife conveyed the real estate to C. H. Loper, and to protect him against the eventualities of the suit executed in his favor a bond of indemnity, and also gave him a trust deed on certain other real estate, which they afterwards conveyed to W. F. McCray, Sr.

The suit on the vendor's lien note by Love and Sabanovich against Yarbrough progressed to judgment and foreclosure, and in order to prevent sale of the real estate under an order of sale issued on said judgment, Loper was compelled to, and did, pay the judgment, which amounted to $1,218.25, and thereupon demanded indemnity from the Reynolds, and on their refusal he instituted this suit.

J. W. Reynolds having died, Loper brought suit against his widow and minor children on the bond and sought to recover $500 reasonable attorney's fees for the prosecution of the suit, and also sought foreclosure of his trust deed lien on the lots conveyed to McCray, for which purpose McCray and wife were made defendants. As this branch of the case is not under review, it will be given no further notice.

Mrs. Reynolds having married S. C. Strange and qualified as guardian of her minor Reynolds children, she made E. B. Thomas a party on the bond of indemnity hereinbefore set out, and prayed that they recover over against him judgment for such sums as Loper might recover against them.

On a trial before the court without a jury, judgment was rendered in favor of Loper against the Reynolds and McCrays as prayed for, except only $150 was allowed as attorney's fees. No appeal was prosecuted from this judgment.

[1] The court also rendered judgment in favor of Mrs. Strange in her individual right and as guardian of her minor children over against Thomas for the full amount of the judgment rendered against them in favor of Loper. Thomas appealed from this judgment and presents for our consideration only one assignment of error; that is, that the court erred in adjudging against him the item of $150 attorney's fees, on the ground that the bond of indemnity executed by him in favor of Reynolds contained no agreement, expressed or implied, authorizing the collection of attorney's fees. This assignment, in our opinion, must be sustained.

Thomas, in this bond of indemnity, obligated himself to protect Reynolds against any and all loss sustained by him by reason of having to pay the $800 vendor's lien note. There was no express agreement on his part to pay attorney's fees, nor can such agreement, in our opinion, be implied. The fact that the court awarded judgment against appellee in favor of Loper, for $150 attorney's fees, is quite another matter, as it is based on the terms of the bond of indemnity given to Loper by Reynolds. While that bond is not before us for construction, we assume that, under its terms, the court below correctly allowed attorney's fees in favor of Loper, as a comparison of the two bonds reveals the fact that they are radically different in their terms and conditions.

[2] As the contract the parties made failed to provide for attorney's fees in the event suit should be brought on the bond, we cannot by construction make a contract they failed to make for themselves. Turner v. Miller, 42 Tex. 418, 19 Am. Rep. 47; Clark v. Mumford, 62 Tex. 531, 535; First State Bank, etc., v. Wallace (Tex. Civ. App.) 161 S. W. 957, 958. We therefore sustain the assignment, the judgment will be reformed by eliminating therefrom the item of $150 attorney's fees, and as thus reformed is affirmed.

The costs incurred in this court and in the court below incident to this appeal will be taxed against appellees.