### RUBLEE v. STEVENSON et al.
### No. 13187.

Court of Civil Appeals of Texas. Dallas.
March 27, 1942.

Henry G. Wills and Robert M. Vaughan, both of Dallas, for appellant.

Carlisle & Henry, of Kaufman, for appellees.

LOONEY, Justice.

On December 7, 1925, J. B. Cave and Claude Stevenson conveyed to W. A. Rublee certain lands situated in Kaufman County, Texas, in consideration, among others, of a note for $3,431.80, payable to Trinity Farm Construction Company, expressly retaining a lien on the land to secure its payment, which was additionally secured by trust deed on the land; also, a second lien note was executed by Rublee for $5,958, payable to Cave and Stevenson, additionally secured by a deed of trust on the land. On July 6, 1926, Rublee reconveyed these lands to Cave and Stevenson (including in the conveyance some personal property), specifically mentioning the outstanding lien notes above mentioned, and providing that they (C. and S.) "take the land subject to the debt above mentioned"; also containing the following guaranty, that is, "They (C. & S.) specifically agree to hold the said Rublee harmless from any payment of any kind on the land notes above mentioned, and they agree if Rublee is ever called upon to pay either interest or principal, they themselves will pay all of said payments."

On December 30, 1939, E. P. Harwell, as owner and holder of the note for $3,-431.80, filed suit thereon in the court below, against Rublee, Cave, Stevenson and Ruby Stevenson, seeking judgment for the debt, interest, attorney's fees and foreclosure of the lien upon the land involved. After citations were served, Stevenson visited Rublee and said to him: "Don't bother about anything. I will take care of you; now I am employing the lawyers to take care of filing the papers and everything and it won't cost you anything." However, Rublee, deeming it to his interest to be represented by an attorney of his own choice, employed H. G. Wills, Esq., a member of the Dallas Bar, who, on behalf of Rublee, filed a formal answer to plaintiff's suit; also filed a cross action against Cave and Stevenson, based upon the guaranty, alleging at length the transactions between the parties leading to the lawsuit, contending that, by reason of being sued on the note, he had been compelled to employ an attorney, to protect his interest, and to incur an obligation to pay said attorney $1,000 for his services; praying that he have judgment (against Cave and Stevenson) for the sum of $1,000 as reimbursement for the obligation he was under to his attorney; also judgment over and against Cave and Stevenson for any amount judgment might be rendered against him in favor of the plaintiff.

The record discloses that the cause of action was assigned by Harwell to James A. Ballard, Jr., who had himself substituted as plaintiff, in lieu of Harwell, adopting Harwell's pleadings, etc. Prior to the trial, Cave and Stevenson settled the suit and secured a release reciting payment in full of the note sued upon. Rublee admitted on the stand: "It is true that I haven't been out a dime in this cause. I haven't been out a red penny." The court rendered judgment that Rublee take nothing on his cross action, to which he excepted, gave notice of, and perfected this appeal.

The effect of the several propositions urged by cross plaintiff is that, the guaranty, the basis of his cross action, not only protected him from the payment of any part of the principal or interest of the note sued upon, but also obligated Cave and Stevenson to reimburse him for the obligation assumed to pay a reasonable attorney's fee incurred to protect his interest involved in the litigation.

The guaranty is again set out; it reads: "They (C. & S.) specifically agree to hold the said Rublee harmless from any payment of any kind on the land notes above mentioned, and they agree if Rublee is ever called upon to pay either interest

or principal, they themselves will pay all of said payments." It is obvious, we think, that indemnitors were simply obligated to protect Rublee against loss by reason of having to pay any part of the principal or interest on the note. He has not paid any part of the principal or interest, and has been fully discharged and released from that obligation.

It is announced in 23 T.J. 526, Sec. 7, that: " 'The cardinal rule governing in the construction of indemnity contracts is that the indemnitor is entitled to have his undertaking strictly construed in his favor, and that it cannot be extended by construction or implication beyond its plain terms.' Liability of the indemnitor is fixed by the terms of his promise, and 'cannot be extended to increase this liability beyond that which is included within its terms by a reasonable construction.' " The guaranty involved in the instant case contains no express obligation to pay attorney's fees, nor do we think such an obligation can be implied. A similar question being presented in Thomas v. Reynolds, Tex.Civ.App., 294 S.W. 268, 269, this Court said: "As the contract the parties made failed to provide for attorney's fees in the event suit should be brought on the bond, we cannot by construction make a contract they failed to make for themselves. Turner v. Miller, 42 Tex. 418, 19 Am.Rep. 47; Clark v. Mumford, 62 Tex. 531, 535; First State Bank v. Wallace (Tex.Civ.App.) 161 S.W. 957, 958."

The judgment of the court below, in our opinion, was correct and is affirmed.

Affirmed.