**MITCHELL'S, Inc., Appellant,**

v.

**Ben FRIEDMAN, Appellee.**

No. 15150.

Court of Civil Appeals of Texas.
Dallas.

Sept. 28, 1956.

Rehearing Denied Oct. 26, 1956.

Morris I. Jaffe, Dallas, for appellant.

Max R. Rosenfield and Elihu E. Berwald, Dallas, for appellee.

YOUNG, Justice.

In Cause No. 89150–A/C, Dallas County District Court, one Leonard Zobel had sued appellant and appellee, among others, in a tort action; Mitchell's, Inc., filing cross-action over against Friedman claiming that the latter was obligated to hold Mitchell's, Inc., harmless as to the damage claim asserted by plaintiff Zobel. This proceeding involves such cross-action only, Friedman invoking the provisions of Rule 166–A, Texas Rules of Civil Procedure, and filing motion for Summary Judgment. On hearing, the motion was sustained and a take nothing judgment rendered in favor of Friedman relative to the cross-action of Mitchell's, Inc.; the latter seasonably prosecuting an appeal.

On November 8, 1953 B. A. Brockles, Jr., and B. A. Brockles, Sr., were operators of a restaurant located at the intersection of Eastern and Lovers Lane Streets, City of Dallas, and Leonard Zobel was a patron. While in the main dining room of the building he sustained personal injuries by reason of the collapse of interior ceiling to which was attached the air conditioning ducts and equipment. Prior to December 17, 1949 Mitchell's, Inc., had contracted for, and caused the erection of the building in question, on that date entering into a written lease with Ben Friedman for a ten-year term; the following parties, with consent of lessor, successively becoming assignees of said leasehold: Friedman to George Cokins on January 16, 1952; Cokins to Brockles September 25, 1953. The parties-defendant to the suit of Zobel were Mitchell's, Inc., as owner, the architect, general and sub-contractors having to do with planning and erection of the structure, charging defective construction and unsafe maintenance of the building; also joining appellee as lessee and above named subsequent lessees, except Cokins. Zobel alleged that his status on the premises at time of the ceiling collapse was that of an invitee or patron, with resulting injuries in sums aggregating $133,500; as-

serting liability against all defendants as tort-feasors, jointly and severally.

In the same connection, appellee Friedman on September 22, 1955 filed amended motion to dismiss the suit of Zobel "in so far as this defendant is concerned" on grounds, in substance: That on date of plaintiff's injuries Friedman was not the owner or occupant of the restaurant building, with no control or supervision over same, plaintiff being the patron of assignee Brockles, if any one; and further that on face of plaintiff's pleading the alleged building defects were latent and concealed; moreover, that said building had been constructed for Mitchell's, Inc., who went into possession, later leasing to Friedman. Upon hearing of appellee's motion on September 26, 1955, same was sustained and he was dismissed from the suit of Zobel, with no appeal from such order. However, in the amended answer of appellant to the suit of Zobel, it had interposed a cross-action over and against appellee (the former tenant) and Brockles, subsequent tenant, alleging primary liability of these parties for the injuries sustained by Zobel under lease provisions, viz.: "7th. That the Lessor shall not be liable to Lessee or to Lessee's employes, patrons, or visitors, for any damage to person or property, caused by the act of negligence of any other tenant of said demised premises, or due to the building on said premises or any appurtenances thereof being improperly constructed, or being or becoming out of repair, nor for any damages from any defects or want of repair of any part of the building of which the leased premises form a part, but the Lessee accepts such premises as suitable for the purposes for which same are leased and accepts the building and each and every appurtenance thereof, and waives defects therein and agrees to hold the Lessor harmless from all claims for any such damage"; pleading also that the obligation of appellee to hold Mitchell's, Inc., Lessor, "harmless from all claims" continued throughout further assignments of the original lease;

Friedman having expressly stated in the transfer to Cokins that: "The obligations imposed upon the lessee, Ben Friedman, by the terms of the above described lease agreement shall in nowise be released or lessened by this consent agreement; the said Ben Friedman to remain as a principal obligor in the performance of any and all of such obligations." And similarly in a later assignment to Brockles, that: "Ben Friedman and George Cokins are signing this agreement to indicate their understanding that they and each of them are still bound to see to the performance of all obligations and terms and the payment of all moneys to be paid under the terms of the original lease between Mitchell's, Inc., and Ben Friedman, dated December 17, 1949."

In turn, appellee, filed a cross-action against Mitchell's, Inc., and other defendants; in fact, the record discloses a number of claims by various defendants over and against others, also inclusive of Mitchell's Inc., on grounds not here material. And proper to be presently noted is the agreed judgment dated January 16, 1956, whereby named defendants therein agreed to pay and Zobel to accept the sum of $9,000 in settlement of the injuries sustained on November 8, 1953; with all cross-actions of the parties (except the instant one between appellant and appellee Friedman) recited as "dismissed with prejudice."

We return to a consideration of this undetermined cross-action over and against defendant Friedman, instituted by Mitchell's, Inc.,—disposed of adversely to the latter by Summary Judgment, and the subject of this appeal. Friedman had been out of possession for some year and ten months preceding the collapse of ceiling, and both parties alleged that the structural defects were latent and concealed, not discernible prior to Zobel's injury by any reasonable exercise of diligence. It is obvious from allegations of appellant's cross-action over and against appellee that its claim is based solely on above quoted indemnity provision of the lease contract from Mitchell's, Inc.,

to Friedman and terms of the latter's assignment over to defendant Brockles. However, we should further summarize the points and counterpoints presented by the respective parties: (1) Appellant says that in the written agreements between the two, Friedman had obligated himself to hold lessor harmless from any and all claims for damages occurring on the leased premises; and that the court erred therefore in failing to give effect to said agreements by its sustaining of motion for Summary Judgment; (2) the trial court also erred in failing to so construe the lease contract pursuant to its motion for Declaratory Judgment instead of overruling said motion; and (3) the motion for Summary Judgment was erroneously sustained because the trial court by such action deprived appellant of its right of contribution against appellee as a joint tort-feasor.

The counterpoints of appellee assert in substance that: (1) The trial court did not err in sustaining his uncontroverted[1] motion for Summary Judgment; it being undisputed that appellee was not appellant's lessee at time of accident and the latter's pleading established that the contract relied upon by it only indemnified appellant where an injury was sustained by *lessee's* employees, patrons, or visitors; (2) likewise there had been a prior dismissal of appellee from plaintiff Zobel's suit for reason that he was not a joint tort-feasor, from which

order plaintiff had not taken an appeal; and no act of negligence having been alleged by appellant against appellee, no right of contribution would exist under the law in favor of the former against appellee in event of any recovery had against appellant by plaintiff; and (3) the Summary Judgment proceeding necessarily involves a construction of the written lease; appellant's subsequently filed motion for Declaratory Judgment merely raising a question of law already determined, and the trial court did not err in overruling same.

Paragraph 7 of the lease, above quoted, is concededly one of indemnity to which the rule of strictissimi juris applies. " * * * the indemnitor is entitled to have his undertaking strictly construed in his favor, and * * * it cannot be extended by construction or implication beyond its plain terms." 23 Tex.Jur., p. 526; Rublee v. Stevenson, Tex.Civ.App., 161 S.W.2d 528; James Stewart & Co. v. Mobley, Tex.Civ.App., 282 S.W.2d 290 (writ ref.). The lease in question between appellant as lessor or landlord, and appellee as tenant or lessee, began in December 1949, continuing to January 1952, Friedman then assigning his interest to Cokins, and the latter to Brockles, both transfers with consent of said common lessor; Zobel's accident occurring during tenancy of Brockles. Aforesaid lease obligation to hold harmless was one between landlord and *tenant;* ex-

[1]. Immediate basis of the Summary Judgment trial of December 27, 1955 was appellee's verified motion and the unsworn counterclaim of Mitchell's, Inc. This is evident from the court's further findings and order of February 16, 1956; in effect as follows: That on said December 27, Friedman announced ready on the motion, appellant requesting a continuance, not having completed its answer; the continuance being denied for reason that the proceedings had been on file since November 1955. The court order further recites that thereafter on same date (December 27), without leave of court, appellant filed a verified answer which, on motion for new trial of January 9, 1956, was objected to by appellee and stricken from the record. Due exception was taken to this action of the court, but is not made a point on appeal. However, we have examined the verified answer, so stricken, and find that its contents relate to the same question of law as theretofore alleged in appellant's cross-action against appellee (construction of the 1949 lease and statements of Friedman in subsequent assignments), all being matters properly determinable on motion for Summary Judgment. " * * *. There are numerous situations where a Summary Judgment is proper when the court is satisfied that the plaintiff is barred as a matter of law from recovery." McDonald, Summary Judgments, 30 Tex.Law Review, p. 289; Schroeder v. Texas & Pacific Ry. Co., Tex.Civ.App., 243 S.W.2d 261.

pressly providing that lessor shall not be liable to the following category of persons: (a) lessee, (b) lessee's employees, (c) lessee's patrons, and (d) lessee's visitors. No indemnity is provided with respect to any other person; and as the contract must be strictly construed, especially where the result would be to indemnify a party against his own negligence, no liability will be imputed or implied. When, with consent of appellant, Friedman assigned the lease containing these indemnity provisions to Cokins, turning over to the latter exclusive possession, he ceased to be a tenant of the premises; 27 Tex.Jur., p. 47; Null & Co. v. J. S. Garlington, Tex.Civ.App., 242 S.W. 507; Davis v. Vidal, 105 Tex. 444, 151 S.W. 290, 42 L.R.A.,N.S., 1084; with cessation of liability as such. The right of exclusive possession is one of the essential elements of tenancy; Mallam v. Trans-Texas Airways, Tex.Civ.App., 227 S.W.2d 344. Under the contention of appellant the lease contract would have had to be specifically inclusive of all invitees, employees, patrons, etc., of appellee or his *assigns;* or, as in Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, for indemnity to appellant against anyone on said property, whether patron, invitee, or employee of appellee; but as written cannot be extended or reconstructed to include the plaintiff who, when injured, was a patron, not of Friedman, but of Brockles, his successor in ownership of the leasehold. Appellant's leading case of Houston & T. C. R. Co. v. Diamond Press Brick Co., 111 Tex. 18, 222 S.W. 204, is deemed inapplicable, for there the claim arose out of the precise situation against which the indemnitor had agreed to hold the railroad harmless. It is argued that Friedman continued responsible for the fulfillment of all terms of the 1949 lease perforce of his written agreement to be "still bound so see to the performance of all obligations and terms and the payment of all moneys to be paid. * * *" We overrule the contention in so far as same relates to the instant claim of liability; for,

as heretofore pointed out, Zobel at time of injury was not an employee, patron, or visitor of appellee.

Appellant complains that it has here been summarily deprived of its right of contribution against the appellee; invoking Art. 2212, Vernon's Ann.Civ.St. (Contribution between Tort-Feasors). Its action over against Friedman was based on the lease provisions of indemnity, constituting no predicate for claim of liability as joint tort-feasor under the statute. It is not controverted that appellee assigned the leasehold long prior to the time that Zobel had suffered injury; in no manner participating in the negligent acts or omissions alleged by plaintiff as against lessor Mitchell's, Inc. The trial court took cognizance of this by dismissing the main action so far as appellee was concerned; and has here simply made the same ruling on the cross-action in question; in short, that the issue of joint tort-feasor was likewise not raised in appellant's action over against appellee—a fact entirely obvious from its pleading.

Neither did the trial court err in overruling appellant's "Motion for Declaratory Judgment," filed subsequent to the hearing and determination of Friedman's motion for Summary Judgment. The issues of fact and matters of law in the two motions were identical—involving a construction of the same agreement of indemnity; the court's ruling adverse to appellant in the Summary Judgment proceeding being res adjudicata of the above mentioned action of appellant for relief under the Declaratory Judgments Act. Art. 2524–1, V.A.C.S. Moreover, the provisions of Art. 2524–1 are not available in pending cases "or to allow a case to be tried piecemeal." 4 Tex.Jur.Supp., p. 129; Joseph v. City of Ranger, Tex.Civ.App., 188 S.W.2d 1013 (error ref.).

The judgment under review is in all respects affirmed.